WILLIAM D. DRURY *vs.* PAUL BUTLER & another, administrators.

Middlesex.    March 10, 1898. — May 19, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Attorney at Law — Negligence — Taking of Land — Delegation of Powers by Town to Selectmen — Pleading — Statute of Limitations — Release of Rights — Subrogation.*

In an action of contract for breach of an agreement by an attorney at law to preserve the plaintiff's rights in reference to the taking of a strip of land by the town of Framingham, acting under St. 1887, c. 403, for the construction of a sewer, it appeared that the town accepted the act in 1888; that thereafter it complied with § 2 of the act, and laid a sewer through the plaintiff's land, which it completed in the summer of 1889, without any formal taking of the land; that in September, 1889, the plaintiff employed the defendant's intestate, who accepted a retainer and brought an action of trespass against the town for the unlawful entry; that on November 17, 1890, the town voted that the town take and seize, under the provisions of chapter 403 of the Acts of 1887, " All such land . . . in the towns of Framingham and Natick as are, in the judgment of the selectmen, necessary for its system of sewage disposal and connections therewith; and that the selectmen be a committee, with full power, to do all and singular, any and all acts and things necessary for such taking and seizure, with authority to employ counsel and incur all necessary expenses "; that on December 6, 1890, the selectmen recorded in the registry of deeds a description of a strip of the plaintiff's land, which taking purported to be by the town acting by its selectmen; that the defendant's intestate was soon afterwards notified of this taking, and he then agreed to protect the plaintiff s rights with reference

thereto; that he neglected, without notifying the plaintiff thereof, for more than two years after the taking, which was the limit within which such petition could be filed, to file any petition for an assessment of damages to the plaintiff caused by the taking; that no such petition was brought by the plaintiff before beginning this suit; and that in 1896 the plaintiff compromised his action of trespass against the town and released to the town the land in question, stipulating in connection with the compromise and release that his rights against the defendant should not thereby be affected. *Held,* that there was a valid taking of the plaintiff's land which gave him a right to recover; that there was evidence that the plaintiff suffered damage from the neglect of the defendant's intestate; and that the defendant had no right of subrogation, and the release to the town was not a bar to the plaintiff's claim.

CONTRACT, for a breach of an agreement by the defendants' intestate, an attorney at law, to preserve the plaintiff's rights and protect his interests in reference to the taking of a strip of land by the town of Framingham for the construction of a sewer. At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, the nature of which appears in the opinion.

*L. S. Dabney,* (*F. L. Washburn* with him,) for the defendants.

*J. B. Goodrich,* (*T. J. Kenny* with him,) for the plaintiff.

KNOWLTON, J. The defendants' intestate, an attorney and counsellor at law, agreed with the plaintiff for a valuable consideration to preserve the plaintiff's rights and to protect his interests in reference to the taking of a strip of land by the town of Framingham for the construction of a sewer, and the plaintiff intrusted the business to him. He allowed more than two years to elapse after the taking without bringing a suit or taking any measures to obtain damages for the plaintiff, whereby, as the plaintiff alleges, the right to recover damages from the town was lost. This action was brought to recover damages for the breach of the contract to protect the plaintiff's interests.

The town was acting under the St. 1887, c. 403. On the 20th day of February, 1888, at a meeting duly called, it had voted to accept the act. In the same year it employed contractors and laid a sewer through the plaintiff's land, which it fully completed in the summer of 1889. Apparently it adopted and completed a system of sewerage under the authority of the statute. It had complied with § 2 of the statute, which provides that no act shall be done in the construction of a sewer

until the system and location have been approved by the State board of health, after a hearing, the time and place of which is to be made known by publication of an official notice thereof. All this was done without any formal taking of the plaintiff's premises and filing of a description thereof in the registry of deeds, as required by the statute. In September, 1889, the plaintiff employed the defendants' intestate, and he brought an action of trespass against the town for the unlawful entry upon the plaintiff's land. This action was pending until it was settled, on July 3, 1896, by the payment to the plaintiff of eight hundred dollars as damages, and one half of the taxable costs. On November 17, 1890, at a meeting duly called, the town voted "that the town take and seize under provisions of chapter 403 of the Acts of the Commonwealth passed in the year 1887, all such land, water rights, rights of way, and easements in the towns of Framingham and Natick as are, in the judgment of the selectmen, necessary for its system of sewage disposal and connections therewith; and that the selectmen be a committee, with full power, to do all and singular, any and all acts and things necessary for such taking and seizure, with authority to employ counsel and incur all necessary expenses." On December 6, 1890, the selectmen filed and caused to be recorded in the registry of deeds a description of a strip of the plaintiff's land thirty-four feet wide, running the entire length of his lot, namely, fifteen hundred and fifty-two feet, and of certain other lands, which taking purported to be by the town, acting by its selectmen under authority of the statute and of the vote above quoted, and recited that the land was taken for the purposes mentioned in the act and in the vote, for the sole use and benefit of the town of Framingham. The defendants' intestate was soon afterwards notified of this taking, and he then made the agreement above stated in regard to it. Under the statute a petition for the assessment of damages caused by the taking of land could be filed within two years from the taking, and not afterwards. St. 1887, c. 403, § 4. The plaintiff, by a deed dated June 29, 1896, released to the town of Framingham this land for a valuable consideration, and it was stipulated in connection with the settlement of his suit for trespass and in connection with the making of this deed of release that his rights

against the defendants in the present suit should not be affected by the settlement of the claim for trespass, or by the release.

Three questions are presented by the bill of exceptions. First, Was there such a taking of the plaintiff's land by the town of Framingham as gave him a right to recover damages therefor? Secondly, Is there any evidence that the plaintiff suffered damage from the neglect of the defendants' intestate to prosecute his claim, inasmuch as he has not attempted to bring a suit for the taking of his land after the expiration of two years? Thirdly, Is the release of June 29, 1896, a bar to the plaintiff's claim?

1. The defendants' objection to the validity of the taking is that the town could not delegate to its selectmen or to a committee the determination of what land should be taken. If we assume that the town could not, in the first instance, delegate to the selectmen the right to bind the town by a taking for the construction of a sewer whose location had not been determined by a vote of the town, it does not invalidate the taking in the present case. We find here that the town had adopted its system of sewers, had obtained an approval of the location thereof from the State board of health, and had completed the construction of the sewer before it made a valid taking of the land. Having a system of sewers constructed, it voted to take land for it, and delegated to the selectmen the determination of the question what " land, water rights, rights of way, and easements " were necessary for it. This presented merely a question of detail, and we are not prepared to say that the town could not delegate the decision of it to its selectmen. However this may be, the selectmen made the taking in the name of the town, assuming that they were duly authorized so to do, and the case shows ample evidence that the town ratified their action. This ratification need not be by a formal vote. *Fisher* v. *Attleborough School District*, 4 Cush. 494. *Lynch* v. *Forbes*, 161 Mass. 302, 309. The plaintiff acquired a right to recover damages for the taking.

2. It is contended that no damage on account of a breach of contract is shown, because it does not appear that the town would not have waived its right to object that the suit was not seasonably brought if the plaintiff had filed his petition after the

expiration of the two years. Without determining whether such a suit could be maintained against a town if commenced after the expiration of the time within which the statute permits the filing of a petition, and if the town made no objection on account of the delay, it is enough to say that the plaintiff lost a valuable right by the failure of the defendants' intestate to bring a suit seasonably, and it is not to be assumed that the town would allow him afterwards to proceed as if he had the right. *Prima facie* the loss of such a right would cause him damage.

3. The release subsequently executed by the plaintiff to the town is not a bar to this action. After the loss of his right to maintain an action, he properly might make the best arrangement with the town that he could. If he was able to obtain by an adjustment or compromise something to diminish his loss, the jury should take it into account, and they are presumed to have taken it into account in assessing the damages.

The facts of this case show no right of subrogation in the defendants.                               *Exceptions overruled.*