## DAVISON v. MORGAN et al.

### No. 5085.

Court of Appeals of District of Columbia.

Argued April 15, 1931.

Decided May 4, 1931.

312

J. Guy Neel and Vincent A. Sheehy, both of Washington, D. C., for appellant.

Joseph A. Burkart and Harry I. Quinn, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree holding a certain deed of trust valid, and dismissing bill of complaint praying that it be set aside for fraud.

In July, 1927, the appellant, Mrs. Davison, was the owner in fee and with her husband was in possession of the residence property known as 1432 Meridian Street N. W., in Washington, D. C., which was free of incumbrance. Appellant desired to sell the property, whereupon one Cissel, a real estate' agent, after some conferences professed to have secured a buyer, one Morgan. In fact, however, Morgan was a "straw man" who was aiding Cissel in a scheme to defraud appellant. Cissel then came to appellant's house with a deed of conveyance for her to sign conveying the property to Morgan, also a check for $1,500, and a purchase-money note for $9,000 payable to appellant with a deed of trust to secure the same executed by Morgan and his wife. Appellant and her husband were persuaded to sign the deed of conveyance to Morgan, and deliver it together with the deed of trust to Cissel to be recorded. Cissel pretended to be a notary public, and professed to take the acknowledgment of the grantors in the deed. In fact, however, he was not a notary, but afterwards deceived a notary into signing such an acknowledgment to the deed. Thereupon Cissel withheld from record the deed of trust securing the $9,000 purchase-money note due to appellant, and by means of the deed of conveyance procured a loan of $5,500 from

Wilcox, Hane & Co., upon a note and deed of trust executed by Morgan and his wife upon the property. In this transaction the records were examined by a title company, and the title to the property was of course found to be in Morgan's name and free of incumbrance, and the loan was made upon that assurance. There is no evidence tending to prove knowledge of the fraud of Cissel and the Morgans upon the part of any of the other parties.

The deed of trust signed by the Morgans for the $5,500 loan was placed upon record, and soon afterwards came to appellant's knowledge, whereupon she filed her bill of complaint in this case praying that the defendants be enjoined from incumbering the property in any manner, and that the deed to Morgan be set aside.

The lower court held upon the evidence that the deed from appellant to Morgan was not acknowledged, but that an acknowledgment was not necessary to the validity of the deed between the parties, and that the title had passed to Morgan; also that the evidence was not sufficient to charge the holders of the $5,500 trust with knowledge of the fraud of Cissel and the Morgans; and consequently that the bill should be dismissed as to them.

This appeal was then taken by Mrs. Davison.

█ In the recent case of Munsey Trust Co. v. Alexander, Inc., 59 App. D. C. 369, 42 F. (2d) 604, we held that, at common law, a deed is valid between parties if signed, sealed, and delivered, though not acknowledged or recorded, and that statutory requirements respecting the acknowledgment of a deed to authorize the recording thereof do not affect the validity of an unacknowledged deed between the parties. The authorities cited in the opinion in that case need not be reviewed here. Accordingly we sustain the view of the lower court that the deed of conveyance from appellant to Morgan was not made invalid as between the parties by the lack of an acknowledgment. We are also of the opinion that the evidence in the case does not implicate the parties taking or holding the deed of trust from Morgan to secure the $5,500 loan.

██ Moreover, we are constrained to agree with the view that the case is governed by the principle that, where "situations have been created by the action, inaction or negligence of parties, they should not be permitted to take advantage of them to the detri-

ment of those innocent persons who have been, without negligence of their own, led to act upon such situations." Mr. Justice Morris, in Carusi v. Savary, 6 App. D. C. 344. In general it may be said that, if a situation arises which must result in loss to one of two parties, that one must suffer whose negligence has brought the situation about.

In this case it was the action of Mrs. Davison in intrusting the two documents, to wit her deed of conveyance to Morgan and Morgan's deed of trust to her, into the possession of Cissel as her agent to have them recorded, which placed in Cissel's hands the means of consummating the fraud from which a loss must fall either upon appellant or upon the holders of the $5,500 trust. The latter parties are without blame for this situation and should not suffer from it.

Accordingly we affirm the decree of the lower court, with costs.