## GAY & TAYLOR, INC. v. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA. —381 S. W. (2d) 304.

Eastern Section. December 12, 1963.

Certiorari Denied June 4, 1964.

M. Lacy West, Kingsport, for plaintiff in error Gay & Taylor, Inc.

Walter & Claiborne, Knoxville, for defendant in error American Casualty Company of Reading, Pennsylvania.

COOPER, J. This appeal is from the action of the trial judge, sitting without the intervention of a jury, awarding plaintiff American Casualty Company of Reading, Pennsylvania a judgment of $10,500.00 against the defendant Gay & Taylor, Inc., lay insurance adjusters, as

damages for negligence and breach of contract in failing to forward a claim file to plaintiff's attorney, thus permitting default judgments to be entered against plaintiff's assured. The defendant insists, primarily, that there is no evidence in the record to show that the plaintiff suffered any damages as the result of the defendant's admitted negligence and breach of contract.

The facts giving rise to this suit are undisputed.

The plaintiff is an insurance company engaged, among other things, in the writing of automobile liability insurance. The defendant is an independent adjusting firm engaged in the business of investigating and adjusting claims arising out of automobile accidents.

Plaintiff, in the course of its business, issued an automobile liability policy insuring Sterchi Bros., Inc. against loss resulting from the negligent operation of a motor vehicle by the insured or its agents. While the policy was in effect, a truck owned by Sterchi Bros., and driven by its employee James Stanton in the course and scope of his employment, was in collision with an automobile driven by Linda Wayne Hurd. The collision occurred on March 31, 1961 at the intersection of Bloomingdale Pike and Thomas Street in Kingsport, Tennessee.

In accordance with instructions from the plaintiff, the insured reported the accident to the defendant, who made an initial investigation and forwarded the notice of loss and the statement of the insured's driver to the plaintiff. The notice of loss and the driver's statement, which were received by the plaintiff on April 13, 1961, contained a notation that Eula Massengill, a passenger in the Hurd automobile, had received ''possible neck and back in-

juries" and was in the Holston Valley Community Hospital.

On April 18, 1961, the defendant notified the plaintiff that Eula Massengill and her husband had filed suit against Sterchi Bros. seeking to recover damages arising out of the accident of March 31, 1961, and requested instructions concerning the forwarding of the file to an attorney.

Plaintiff wrote defendant on April 24, 1961 instructing it to "furnish a copy of the file to Mr. Mentor (plaintiff's attorney in Kingsport)," and to continue the investigation, with special emphasis on the need for medical information.

The defendant misplaced the claim file and failed to deliver it to plaintiff's attorney. As a consequence, default judgments were entered against plaintiff's assured and, on writ of inquiry on May 18, 1961, the jury awarded Eula Massengill a judgment of $7500.00 for personal injuries, and awarded her husband, Raymond Massengill, a judgment of $3,000 for loss of consortium and as reimbursement of expenses he incurred in the treatment of his wife's injuries.

The judgments were subsequently paid by the plaintiff, and the present suit was brought with the result above stated.

█ It is universally recognized that an agent stands in a fiduciary relationship to his principal and is under a duty to be careful, skillful, diligent and loyal in the performance of his principal's business and that for a failure so to act he subjects himself to liability to his principal for any damages naturally and proximately

flowing from the breach of duty. See 3 Am.Jur.(2d), Agency, Sections, 198, 199, 202; 3 C.J.S. Agency secs. 138, 155, 162, 172, 286; 2 Restatement Agency, Sections 379, 387, 399.

In Walker v. Walker, 52 Tenn. 425, 427, the Court, considering the responsibility of an agent for not following instructions, said:

"The rules are thus laid down for responsibility of agents by Mr. Story: 'Whenever an agent violates his duties or obligations to his principal, whether it be by exceeding his authority or by positive misconduct, or by negligence or omission in the proper function of his agency, or in any other manner, and any loss or damage thereby falls on his principal, he is responsible therefor, and bound to make full indemnity. The loss or damage need not be directly or immediately caused by the act which is done, or omitted to be done. It will be sufficient if it be fairly attributable to it, as the natural result or just consequence.' Sec. 217 e, p. 259." See also Kirkeys & Son v. Crandall, 90 Tenn. 532, 538, 18 S.W. 246; 56 A.L.R. 962.

Without question, the default judgments entered against plaintiff's assured in the Massengill cases resulted from the negligence of the defendant and, without question, the defendant is liable for any damages that naturally and proximately resulted therefrom.

Counsel has not cited us to any case, nor have we been able to find one, where a default judgment has resulted from the failure of a lay insurance adjuster to forward "suit papers" to an attorney. However, there are numerous reported cases where default judgments have been entered due to the negligence of an attorney or to

his failure to follow instructions (see 45 A.L.R.(2d) 9, 56 A.L.R. 962), and we think the rules of law voiced in those cases are applicable to the present case.

As pointed out in the annotation "Attorneys—Negligence—Liability," 45 A.L.R.(2d) 9, at page 19: "The ordinary rule that negligence is actionable only where it is the proximate cause of the damages complained of has frequently been applied in actions against attorneys for alleged negligence in connection with litigation. In such cases the damages claimed are usually the value of the claim lost or judgment suffered as an alleged result of the attorney's negligence, and it has frequently been held that the lawyer may not be found liable unless it appears that if the action had been properly prosecuted or defended the client could have been successful," citing numerous cases including Collier v. Pulliam, 81 Tenn. 114.

The burden of proving that damages resulted from the negligence of an attorney, or from his failure to follow instructions, in connection with the prosecution or defense of a suit rests upon the client and usually requires the client to demonstrate that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question. 7 Am.Jur., Attorneys at Law, Sec. 188, p. 156; Anno. 45 A.L.R.(2d) 21.

In the present case, then, the plaintiff had the burden of proving that its assured had a meritorious defense to the suits filed against it by the Massengills. The only proof in the record describing the manner in which the accident giving rise to the Massengill claims occurred is the statement of the assured's driver that:

"On March 31, 1961 at approx. 10:45 A.M., I was operating a 1957 Chevrolet, ½ ton truck which is owned by Sterchi Bros., on Thomas St. when I was involved in an accident with a 1960 Mercury sedan owned by Harris Hurd and being operated by Linda Wayne Hurd, at the intersection of Thomas St. and Bloomingdale Pike. I had been to make a delivery * * * and I was on my way back to the store. As I approached Bloomingdale Pike, which, along with Thomas St., is a two lane asphalt constructed highway, I stopped for the stop sign facing Thomas St., due to oncoming traffic. I remember a black vehicle passing from my left to right on Bloomingdale and after this vehicle passed, I must have sub-consciously pulled out of Thomas St. making a right turn onto Bloomingdale Pike. As I pulled out into the intersection the Mercury, which must have been directly behind the Black vehicle, struck the truck I was operating in the left front with the right front of the Mercury. The Mercury had the right of way. I know that, but I never did see the Mercury and therefore I could not say as to what speed it was traveling. I would estimate my speed at approx. 5 mph. The weather was raining and the streets were wet. There were no skid marks left by either vehicle * * *. The Mercury had as its passengers Eula Massengil, age 36, 109 Overhill Drive, Kingsport, Tennessee, * * * Mrs. Massengill did complain of neck and back injuries. * * * I understand that Mrs. Massengill was taken to Holston Valley Community Hospital where she was to be examined."

The impact of the assured's driver's statement was in no way softened by the testimony of plaintiff's other witnesses. To the contrary, Mr. William C. Pigue, state

claims manager for the plaintiff, stated on cross-examination that "based on the information that I have in my file, it would appear to be a case of liability", and the only question was how much damage would be awarded. Mr. Pigue further testified that the $730.03 property damage claim of the Hurds arising out of the accident of March 31, 1961 was paid in full without the necessity of suit.

■ We are of the opinion that the above evidence shows that the accident occurred as the proximate result of the negligence of the assured's driver in failing to keep a proper lookout for other traffic, and in failing to yield the right of way, and that plaintiff's assured had no meritorious defense to the Massengill claims.

Plaintiff infers in its brief that if it had had the opportunity to make defense it could have defeated the Massengill claim, or at least substantially reduced the amount of the award, by showing the jury that Mrs. Massengill had had a previous "severe lumbo-sacral strain". In response, it should be noted that this case is devoid of proof of either the nature or the extent of Mrs. Massengill's previous injury, and is also devoid of proof of the nature or extent of the injuries she received in the collision with plaintiff's assured, except for a statement that, as the result of the accident of March 31, 1961, Mr. Massengill had incurred special damages of approximately $1,000.00, $700.00 of which was for the hospitalization of his wife after the accident. Without such proof, any holding of this court, or any court, that the plaintiff had a meritorious defense on the issue of damages would be based, of necessity, on mere speculation and conjecture.

We are of the opinion, therefore, that there is no evidence in the record in the present case that the admitted misconduct of the defendant was followed by any actual loss or damage to the plaintiff, and that the entry of the $10,500.00 judgment by the trial court was error.

"It is a good excuse that the misconduct of the agent has been followed by no loss or damage whatever to the principal; for then the rule applies that though it is a wrong, yet is without any damage; and to maintain an action both must concur, for *damnum absque injuria* and *injuria absque damno* are, in general, equal objections to any recovery." L. & N. Railroad Company v. Federal Reserve Bank, 157 Tenn. 497, 503, 10 S.W.(2d) 683.

However, we are of the opinion that plaintiff is entitled to nominal damages for breach of the contract. Morristown Lincoln-Mercury, Inc. v. Roy N. Lotspeich Pub. Co., 42 Tenn.App. 92, 298 S.W.(2d) 788, and authorities cited therein. In 15 Am.Jur., it says:

"Upon breach of a valid and binding contract, the law infers some damages, and generally the person guilty of the breach is liable at least for nominal damages, if actual damages cannot be proved. Nominal damages only are recoverable upon the breach of a contract if no actual or substantial damage resulted from the breach or no damage has been or can be shown, * * *" Sec. 7, pp: 393, 394.

Accordingly, the judgment of the trial court will be modified to provide for the recovery of nominal damages, which we fix as Two Hundred ($200.00), Dollars.

It results that the judgment will be reversed in part, modified in part as indicated, and as modified, will be

affirmed. Costs, both in the trial court and incident to the appeal, are adjudged against the defendant Gay & Taylor, Inc.

McAmis, P. J., and Milligan, Special Judge, concur.