IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT KNOXVILLE

FILED

March 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

CAROLYN BRUCE and husband,
JOHN DAVID BRUCE,

    Plaintiffs-Appellants,

Vs.

ROBERT OLIVE AND SANDRA G.
OLIVE, Individually and d/b/a
Olive and Olive, P.C.,

    Defendants-Appellees.

C.A.No. 03A01-9509-CV-00310
Knox Circuit No. 3-278-94

FROM THE KNOX CIRCUIT COURT

THE HONORABLE WHEELER ROSENBALM, JUDGE

Lynn M. Lauderback of Kingsport
For Plaintiffs-Appellants

R. Franklin Norton, Geoffrey D. Kressin,
Norton & Luhn, P.C., of Knoxville
For Defendants-Appellees

*REVERSED IN PART, AFFIRMED IN PART AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

BRUCE.OPN

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

This is a legal malpractice case. Plaintiffs, Carolyn Bruce, and husband, John David Bruce, appeal from the order of the trial court granting summary judgment to defendants, Robert Olive and Sandra G. Olive, individually and d/b/a Olive & Olive, P.C..

Plaintiffs' complaint alleges that in June, 1989, Carolyn Bruce entered into a contract with defendant, Robert S. Olive, of Olive & Olive, P.C., thereby retaining defendants to represent her in a harassment and discrimination suit (underlying litigation) against her employer, State Farm Mutual Automobile Insurance Company. The contract provided that Ms. Bruce would pay Olive & Olive $90.00 per hour for legal representation, and that she would be responsible for expenses incurred. The contract was subsequently amended to provide for a reduced hourly rate and a contingency fee to the attorneys.

The complaint avers that Olive filed a complaint on behalf of Ms. Bruce in the Knox County Chancery Court, and that the case proceeded to trial. The trial lasted thirty-six days and involved the introduction of over seven hundred exhibits into evidence. At the conclusion of the trial, judgment was entered for State Farm, and the costs were assessed against Ms. Bruce. Plaintiff avers that she was advised that she would succeed on appeal, and on the advice of defendants, the chancery court judgment was appealed to the Court of Appeals. The complaint avers that plaintiff paid the defendants $20,320.00 to purchase the forty-nine volume trial transcript in order to file the record on appeal. The trial record was filed in the Court of Appeals on February 18, 1993, and the Court of Appeals entered an order directing plaintiff-appellant to file an abridged record with the appellant's brief on or before March 22, 1993. The complaint further avers that the defendant attorneys failed to timely file the abridged record and brief as required, but they sought and obtained two

extensions of time within which to file the abridged record and brief. Subsequently, in May, 1993, defendants filed with the Court of Appeals a third motion for extension of time to file the record and brief. This third motion was denied by order dated May 25, 1993. Subsequently, the appellee in the underlying appeal moved to dismiss the case for failure to file the brief, and the case was dismissed by order entered on November 1, 1993. Application for Permission to Appeal to the Supreme Court was denied. Plaintiffs aver that defendants were negligent and breached their contract with plaintiffs by failing to timely file the brief and abridged record thereby causing the dismissal of the appeal. Plaintiffs seek recovery of court costs and other expenses and legal fees that were paid to the defendants. Plaintiffs also seek damages for pain, suffering, aggravation of pre-existing medical condition, mental anguish, loss of consortium, and punitive damages.

Defendants' answer denies the material allegations of the complaint, denies that the defendants were negligent or that they breached any contractual duty, and denies that negligence or a breach of any contractual duty on their part caused any damages to plaintiff. The answer also alleges that plaintiffs are barred from recovery, because the plaintiffs were fifty percent or more at fault in causing any of their alleged losses, injuries, and damages.

Defendants filed a motion for summary judgment on the ground, *inter alia*, that plaintiffs suffered no damages as a result of any alleged acts or omissions on the part of defendants, because the appeal of the underlying litigation would have been unsuccessful as a matter of law.

The plaintiffs responded to the motion for summary judgment with, inter alia, the affidavit of John M. Foley, a practicing attorney in Knox County, Tennessee. In his affidavit, Mr. Foley states that the defendants' failure to timely

file the appellants' brief and the abridged record in the underlying litigation constituted a deviation from the accepted standard of care for attorneys practicing in Knox County. The Response to the Motion for Summary Judgment also asserts that the very fact that the defendants stated in their motion for summary judgment that the appeal in the underlying litigation would have failed as a matter of law, proves that the defendant attorneys had knowledge at the time the appeal was filed that the appeal was meritless. The plaintiffs' response further asserts that there are genuine issues of material fact as to whether the defendants acted negligently by failing to file the abridged record and the appellant's brief.

The trial court granted the defendants' motion for summary judgment, because plaintiffs failed to produce any evidence that the plaintiffs would have been successful in their appeal of the underlying litigation. The court noted that plaintiffs represented to the court that they cannot prove error in the underlying litigation. The court held that without proof that the underlying appeal would have been successful, the plaintiffs could not prove that they suffered any damages as a result of the defendants' alleged negligence and therefore, summary judgment was appropriate.

Plaintiffs have appealed and present two issues for review. As stated in their brief, those issues are:

> Whether the trial court erred in granting defendant's motion for summary judgment in this case because there are numerous genuine fact issues regarding defendant's negligence and plaintiff's damages suffered as a result of that neglect.

> Whether the trial court erred in failing to apply the doctrine of judicial estoppel in favor of plaintiffs to justify overruling defendant's motion for summary judgment.

A trial court should grant a motion for summary judgment only if the

movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Dunn v. Hackett*, 833 S.W.2d 78, 80 (Tenn. App. 1992). The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 210. When a motion for summary judgment is made, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Id.* at 210-11. In *Byrd*, the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. [citations omitted]. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211. (emphasis in original).

The summary judgment process should only be used as a means of concluding a case when there are no genuine issues of material fact, and the case can be resolved on the legal issues alone. *Id.* at 210 (citing *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988)). Summary judgment is not to be used as a substitute for a trial of genuine and material factual issues. *Byrd*, 847 S.W.2d at 210 (citing *Blocker v. Regional Medical Ctr.*, 722 S.W.2d 660, 660-61 (Tenn. 1987)). Where a genuine dispute exists as to any material fact or as to the conclusions to be drawn from those facts, a court must deny a motion for summary judgment. *Byrd*, 847 S.W.2d at 211 (citing *Dunn*, 833 S.W.2d at 80).

To recover in a legal malpractice suit, a plaintiff must show: (1) the employment of an attorney, (2) neglect by the attorney of a reasonable duty, and (3) damages resulting from such neglect. *Sammons v. Rotroff*, 653 S.W.2d 740, 745 (Tenn.App. 1983). "The burden of proving that damages resulted from the negligence of an attorney . . . in connection with the prosecution or defense of a suit rests upon the client and usually requires the client to demonstrate that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question." *Gay & Taylor, Inc. v. American Cas. Co. of Reading, PA*, 381 S.W.2d 304, 306 (Tenn. App. 1963).

There is no dispute that defendants were employed to represent plaintiff, Carolyn Bruce. John Foley's affidavit, at the very least, creates a genuine issue of material fact as to whether defendants were guilty of negligence. The remaining issue is whether damages resulted from such neglect. That is, whether the defendants' failure to timely file the brief and abridged record caused the plaintiffs to incur damages. Generally, the plaintiffs must demonstrate that the appeal of the underlying litigation would have been successful, and that upon trial after remand they would have obtained a recovery. *See Commercial Truck & Trailer Sales v. McCampbell*, 580 S.W.2d 765, 770 (Tenn. 1979); *Ables v. Lockett, Slovis & Weaver*, No. 03A01-9402-CV-0074, 1995 Tenn. App. Lexis 9 (Tenn. App. W.S. January 10, 1995). The defendants' negligence must have been the factual and proximate cause of the plaintiffs' damages. *Gay & Taylor, Inc. v. American Casualty Co. of Reading, PA*, 381 S.W.2d 304, 306 (Tenn. App. 1963). In effect, the plaintiffs bringing the malpractice action must prove a case within a case.

Once the defendants moved for summary judgment, the plaintiffs failed to produce any evidence whatsoever which would indicate that the underlying appeal would have been successful. On the contrary, the position of the

plaintiffs is that the underlying appeal would have in fact been unsuccessful. At the hearing on the summary judgment motion, the plaintiffs specifically stated that they were not complaining of any error by the chancellor in the underlying trial, they were simply attempting to recover damages for the defendants' negligence in failing to timely file the brief and record. In their brief the plaintiffs also state that proving the underlying appeal would have been successful would be an impossible burden, given the voluminous record.

Although plaintiffs do not seek the damages they sought to obtain in the underlying litigation, they do seek recovery for the expenses incurred in the aborted appeal, as well as damages for pain, suffering, mental anguish, and punitive damages.

We first address the plaintiffs' tort claims for pain, suffering, mental anguish, loss of consortium, and aggravation of a pre-existing medical condition, all of which the plaintiffs allege were produced as a result of the defendants' failure to prosecute the appeal. Historically, it has been the general rule in Tennessee that a plaintiff is not entitled to damages where the defendant's negligence causes mental anguish, without accompanying physical injury or physical consequences, or without other independent basis for tort liability. *Laxton v. Orkin Exterminating Co., Inc.* 639 S.W.2d 431, 433 (Tenn. 1982). Tennessee courts have recognized certain exceptions to the manifestation of physical injury requirement. *See Laxton*, 639 S.W.2d. at 433-34. The *Laxton* court noted that Tennessee courts have been extremely liberal in allowing recovery for mental disturbance and have allowed recovery even in cases where the injury was "slight." *Id.* at 433.

In *Camper v. Minor*, No. 03S07-9502-CV-00013 (Tenn. Jan. 29, 1996), our Supreme Court, in abolishing the "physical injury rule" stated: "[W]e conclude

that the rule shall no longer be used to test the validity of a prima facie case of

negligent infliction of emotional distress." *Id.*, slip op. at 20. The Court continued:

> This negative conclusion logically raises its positive counterpart: what is required to make out a prima facie case? After considering the strengths and weaknesses of the options used in other jurisdictions, we conclude that these cases should be analyzed under the general negligence approach discussed above. In other words, the plaintiff must present material evidence as to each of the five elements of general negligence -- duty, breach of duty, injury or loss, causation in fact, and proximate, or legal, cause *Kilpatrick v. Bryant*, 868 S.W.2d 594, 498 (Tenn. 1993); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993) -- in order to avoid summary judgment. Furthermore, we agree that in order to guard against trivial or fraudulent actions, the law ought to provide a recovery only for "serious" or "severe" emotional injury. *Burgess v. Superior Court (Gupta)*, 831 P.2d 1197, 1200 (Cal. 1992); *St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 653 (Tx. 1987). A "serious" or "severe" emotional injury occurs "where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Rodrigues v. State*, 472 P.2d 509, 520 (Haw. 1970); *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983); *Plaisance v. Texaco, Inc.*, 937 F.2d 1004, 1010 (5th Cir. 1991); *Prosser and Keeton on the Law of Torts*, § 54, at 364-65, n.60. Finally, we conclude that the claimed injury or impairment must be supported by expert medical or scientific proof. *See Leong v. Takasaki*, 520 P.2d 758, 766-67 (Haw. 1974)("the plaintiff should be permitted to prove medically the damages occasioned by his mental responses to defendant's negligent act").

*Id.*, slip op. at 20-21.

In the case at bar, plaintiffs submitted in opposition to the motion for

summary judgment, the affidavit of Dr. Michael L. Pool, a psychiatrist. Dr. Pool's

affidavit states that he commenced seeing Carolyn Bruce in March, 1989, that

her diagnosis was major depressive disorder, that she continues to suffer from this

disorder, and that she "showed dismay" upon losing the underlying case in the

chancery court. He states that "her dismay subsided to some extent after legal

counsel appealed the unfavorable decision . . . ." The affidavit states that Ms. Bruce "was quite distraught after the denial of her appeal." Dr. Pool opines that Ms. Bruce's medical condition deteriorated upon her learning of the dismissal of her appeal in this Court and the Supreme Court, and that her previous medical condition was aggravated. He further opined that the denial of her appeal was personally devastating to her and caused her to endure mental suffering.

From this affidavit, it appears that Dr. Pool is testifying that the loss of the underlying case in the trial court and the ultimate loss of the appeal was the cause of the aggravation of Ms. Bruce's condition. This affidavit indicates that if Ms. Bruce had lost the appeal after it was properly handled, she would have been in the same mental condition; therefore, the attorneys' alleged negligence in allowing the appeal to be dismissed was not the proximate cause of Ms. Bruce's injuries. There is nothing to indicate that Ms. Bruce's "emotional injuries" were caused by her attorneys' alleged negligence or that she would not have suffered these injuries if the appellate court had heard the appeal and affirmed the dismissal of the underlying litigation. The trial court properly granted summary judgment on plaintiffs' claims for pain, suffering, mental anguish, aggravation of a pre-existing medical condition, and loss of consortium.

Plaintiffs' complaint also alleges a breach of contract. The attorney-client relationship creates a contract that the attorney will prosecute a client's action with reasonable skill and diligence. *Hillhouse v. McDowell*, 219 Tenn. 362, 410 S.W.2d 162 (1966). A lawyer is an agent of his client. "It is universally recognized that an agent stands in a fiduciary relationship to his principal and is under a duty to be careful, skillful, diligent and loyal in the performance of his principal's business and that for a failure so to act he subjects himself to liability to his

principal for any damages naturally and proximately flowing from the breach of duty." *Gay & Taylor, Inc. v. American Cas. Co. of Reading, PA*, 281 S.W.2d 304, 306 (Tenn. App. 1963).

In the case at bar, plaintiffs contracted with defendants for defendants to obtain appellate review of the trial court's decision in the underlying litigation. The plaintiffs did not get that review because of defendants' breach of the contract. That is, defendants' promised to perform and in return the plaintiffs monetarily compensated the defendants and incurred expense to furnish the tools for defendants' performance (such as the transcript of the proceedings). The fees paid and expenses incurred by the plaintiffs constitute damages naturally flowing from the breach of the contract for appellate review.

We have found no Tennessee authority precisely on point, but in *Foster v. Duggins*, 695 S.W.2d 526 (Tenn. 1985), our Supreme Court held that a judgment obtained against an attorney for malpractice in failing to timely file a negligence action was not required to be reduced by the contingent fee the attorney would have received if he had obtained a recovery in the underlying litigation. The Court stated:

> [T]he plaintiffs have had to incur additional legal fees to pursue this malpractice action, and they should not be required to assume the burden of twice paying for legal representation. By taking into account the legal fees which plaintiffs have incurred in pursuing this malpractice action we are not, as Mr. Duggin argues, awarding the plaintiffs their attorney fees. The additional fees necessary to pursue this action are in the nature of incidental damages flowing from Mr. Duggin's breach of the contract. *See Winter v. Brown*, 365 A.2d 381, 386 (D.C. App. 1976).

*Id.* at 527.

In the case at bar, the expenses incurred by Ms. Bruce to pursue the appeal in the underlying case were damages flowing from a breach of the contract and

must be determined upon proper proof.

We next address plaintiffs' claim for punitive damages. It is well settled that actual damages are a prerequisite to recovery of punitive damages. *Cullum & Maxey Camping Center, Inc. v. Adams*, 640 S.W.2d 22 (Tenn. App. 1982). It is equally well settled that punitive damages are not recoverable in a contract action. *Johnson v. Woman's Hospital*, 527 S.W.2d 133 (Tenn. App. 1975). The only damages which the plaintiffs are entitled to in this action are damages resulting from the defendants' breach of contract. The plaintiffs are not entitled to any damages based upon their tort claims, therefore, they are not entitled to any punitive damages against the defendants.

Finally we reach the plaintiffs' issue regarding judicial estoppel. The plaintiffs argue that the defendants should be estopped from asserting that the underlying appeal would have been unsuccessful, because the defendants, by filing the Motion to Late File Brief and Abridged Transcript in this Court and an Application for Permission to Appeal to the Supreme Court, represented that the underlying appeal had merit and should not have been dismissed by this Court. The plaintiffs argue that the defendants swore to a state of facts in a former judicial proceeding (that is, that the appeal had merit), and that they are now attempting to contradict that state of facts in a later judicial proceeding. Plaintiffs assert that defendants should be estopped from asserting that the underlying appeal would have failed as a matter of law.

Generally, a litigant is not allowed to take an inconsistent position in judicial proceedings. *Stearns Coal & Lumber Co. v. Jamestown Ry. Co.*, 141 Tenn. 203, 206 S.W. 334 (1918). In *Stearns*, the Court stated:

> While the law of judicial estoppel is ordinarily applied to one who has made oath to a state of facts in a former judicial proceeding which in a later proceeding he undertakes to contradict, yet it is

> frequently applied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding. *Stamper v. Venable*, 117 Tenn., 557, 97 S.W., 812.

141 Tenn. at 206.

We have no Tennessee cases addressing the precise issue of whether an attorney, in defending a malpractice action, may take a position inconsistent with the position that he took on behalf of his client. However, a somewhat analogous situation was involved in *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995). *Carvell* dealt with a statute of limitations question in a malpractice case and addressed the question of when the cause of action for malpractice accrued. Plaintiffs advanced the argument that to require the client to bring a malpractice action against an attorney before the appeal in the underlying case was concluded, would have the effect of forcing the client to take inconsistent positions on the same issue in different lawsuits. Plaintiffs argued that while they were defending a breach of warranty suit and arguing that their attorney properly drafted a warranty deed, they should not have to, at the same time, file suit against the attorney alleging malpractice due to negligent drafting of the deed. The plaintiffs argued that they could not bring the malpractice aciton until the conclusion of the underlying case, because they would be judicially estopped from taking contrary positions on the same issue in different lawsuits. Our Supreme Court, in answering this contention, stated:

> At first blush, these contentions appear to be valid. However, the policies undergirding judicial estoppel -- that of preventing a party from gaining an unfair advantage by taking inconsistent positions on the same issue in different lawsuits -- is manifestly absent where a client seeks to defend its attorney's actions against the claims of a plaintiff while simultaneously protecting its own right to recover against the attorney in the event that the client is held liable. Therefore, we conclude that the judicial estoppel rule does not apply in this situation.

> Although we conclude that the rule is not technically applicable, we nevertheless realize that having to maintain inconsistent positions in different lawsuits is somewhat anomalous.

900 S.W.2d at 30.

We believe the same principles should apply to an attorney defending his actions in a malpractice case. We agree with the plaintiffs that by instituting the appellate process, the defendant attorneys represented that the appeal had merit. However, it should be noted that the attorneys made this representation as advocates, not party litigants.

The order of the trial court granting summary judgment is reversed insofar as it applies to the breach of contract action. The order is affirmed in all other respects, and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed one-half to plaintiffs and one-half to defendants.

_____
W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:


_____
ALAN E. HIGHERS, JUDGE


_____
DAVID R. FARMER, JUDGE