CHARLES K. LOCKWOOD and )
FRANKIE L. LOCKWOOD, )
)
    Plaintiffs/Appellants, )
) Appeal No.
) 01-A-01-9509-CV-00422
VS. )
) Marion Circuit
) No. 7663
WILLIAM M. ABLES, )
)
    Defendant/Appellee. )

FILED

April 4, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF MARION COUNTY
AT JASPER, TENNESSEE

THE HONORABLE WILLIAM INMAN, JUDGE


STEVEN M. JACOWAY
PATRICK, BEARD & RICHARDSON, P.C.
Suite 202, Market Court
537 Market Street
Chattanooga, Tennessee 37402
    Attorney for Plaintiffs/Appellants

GEORGE LANE FOSTER
FOSTER, FOSTER, ALLEN & DURRENCE
515 Pioneer Bank Building
801 Broad Street
Chattanooga, Tennessee 37402
    Attorney for Defendant/Appellee


REVERSED AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

In this legal malpractice case, the trial judge directed a verdict for the defendant because he found that the plaintiffs failed to prove that but for the defendant's negligence they would have won their lawsuit. We reverse and remand for a new trial.

## I.

On March 12, 1982, the plaintiffs, Mr. and Mrs. Lockwood, agreed to purchase a tract of land in Marion County from Robert Baugh. The agreement described the property in general terms as running with the lines of surrounding landowners and called for "200 acres, more or less."

On July 13, 1982, Mr. Baugh sued Charles Floyd Cleveland for trespass to the northern portion of the property and asked that the court establish the boundary line between the two owners. Since the property in dispute was part of the property sold to the Lockwoods, Mr. Baugh told the Lockwoods about the action but assumed the burden of the litigation himself.

After a hearing on May 12, 1983, the chancellor signed an order awarding the fifty-five acres in dispute to Mr. Baugh. On July 9, 1984, however, the chancellor granted Mr. Cleveland's motion to alter or amend and ordered further proof. After the second hearing the chancellor took the case under advisement.

At this point the Lockwoods sought legal help from the defendant. They testified that their only purpose in consulting the defendant was to get him to talk to the chancellor privately to urge him to render a decision. Instead, against their

wishes, the defendant filed a motion to intervene in the boundary dispute and moved to reopen the proof. The chancellor granted the motion and heard more evidence on May 9, 1985. One of the witnesses offered by the defendant on behalf of the appellants owned property in the area and, despite having given favorable pre-trial statements to the defendant and Mr. Lockwood, his trial testimony hurt the Lockwoods. The chancellor's final decree awarded the property in dispute to Mr. Cleveland. The decision was affirmed on appeal.

At the hearing below, the Lockwoods called Mr. Baugh's attorney as a witness. He testified that he advised the defendant not to call the unfaithful witness because the witness was unreliable and had interests in the area that were antagonistic to the Lockwoods. The attorney also testified that in his opinion (1) the defendant was negligent because he did not get a written statement from the witness, and that (2) the case had been won for Mr. Baugh and the Lockwoods until the defendant put on the additional proof. At the end of the plaintiffs' proof the trial judge directed a verdict in favor of the defendant, holding that there was no proof on which the jury could find that the alleged negligence of the defendant was the proximate cause of the Lockwoods' loss of the fifty-five acres.

## II.

We have stated the facts in the light most favorable to the plaintiffs, as we are required to do in reviewing a directed verdict. *Cecil v. Hardin*, 575 S.W.2d 268 (Tenn. 1978). To establish a cause of action for legal malpractice the plaintiff must show that the attorney's negligent acts were the proximate cause of some loss to the plaintiff. *Blocker v. Dearborn and Ewing*, 851 S.W.2d 825 (Tenn. App. 1992). The loss claimed in this case is the value of the fifty-five acres that was the subject of the original lawsuit. At oral argument the Lockwoods' attorney confirmed that fact. Thus, the issue on appeal is whether the jury could have decided that the defendant's

negligence caused the adverse result in that controversy. In *Gay & Taylor, Inc. V. American Cas. Co.*, 381 S.W.2d 304 (Tenn. App. 1963), the court said:

> "The burden of proving that damages resulted from the negligence of an attorney, or from his failure to follow instructions, in connection with the prosecution or defense of a suit rests upon the client and usually requires the client to demonstrate that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question."

381 S.W.2d at 306.

In legal malpractice cases we have adopted a rule analogous to the medical malpractice rule that requires expert proof to establish a cause of action. See *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986). In medical malpractice cases the rule requires expert proof to establish both the standard of care and causation. See *Tucker v. Metropolitan Government*, 686 S.W.2d 87 (Tenn. App. 1984); *Stokes v. Leung*, 651 S.W.2d. 704 (Tenn. App. 1982). It is arguable that in legal malpractice cases it is not necessary to prove causation by expert proof, because the only cases requiring expert proof have dealt with the standard of care. But we do not have to decide that question here because the Lockwoods offered proof from Mr. Baugh's attorney that in his opinion the defendant was negligent <u>and</u> that the case was lost because of the testimony of the witnesses called by the defendant. While that is not conclusive we think it is enough to take the case to the jury.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Marion County for further proceedings in accordance with this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE



_____
WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


|  |  |  |
|---|---|---|
| ) | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01 |
| VS. | ) | |
| | ) | County |
| | ) | No. |
| ) | ) | |
| Defendant/Appellee. | ) | |

# O R D E R


ENTER this _____ day of March, 1996.

_____
BEN H. CANTRELL, JUDGE