# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 8, 2009 Session

## JOSEPH BARNA v. PRESTON LAW GROUP, P.C., ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 07C-580     Joe P. Binkley, Jr., Judge

---

### No. M2008-02560-COA-R3-CV - Filed August 25, 2009

---

PATRICIA J. COTTRELL, P.J., M.S. concurring.

I write separately because, while I agree with the result of the majority opinion, I disagree as to which element of the plaintiff's claim was not negated by the defendant moving party.

Mr. Preston's affidavit stated that he was familiar with the applicable standard of care and that he did not breach that standard. Similar statements have been found sufficient to shift the burden of production of evidence to the plaintiff nonmoving party in a number of medical malpractice and legal malpractice cases. Even if those statements, standing alone, are considered conclusory opinions, Mr. Preston's affidavit goes further. It includes a number of factual statements regarding actions he took in representing Mr. Barna. I do not think it is necessary that he address every allegation in the complaint, only that he present evidence to shift the burden to the plaintiff to come forward with contradicting evidence material to the legal claims presented so as to create a dispute of fact. I would find that the defendant met that burden.

With regard to the element of causation, however, the defendant did not present evidence to shift the burden of production to the plaintiff. The requirement for proving causation in this type of suit is well-settled.

> When a legal malpractice claim is based on the negligent handling of litigation that results in an adverse judgment or a dismissal of a claim, the plaintiff must prove that it would have prevailed in the underlying action had it not been for the negligent conduct of its lawyer. *Shearon v. Seaman*, 198 S.W.3d at 214; *Gay & Taylor, Inc. v. Am. Cas. Co. of Reading, Pa.*, 53 Tenn.App. 120, 125, 381 S.W.2d 304, 306 (1964).FN2 Accordingly, a plaintiff bringing a legal malpractice action must prove a case-within-a-case. *Viar v. Palmer*, No. W2004-02080-COA-R3-CV, 2005 WL 1606067, at *4 (Tenn.Ct.App. July 6, 2005) (No Tenn. R.App. P. 11 application filed); *Bruce v. Olive*, 1996 WL 93580, at *3. In the first case, the plaintiff must prove that its lawyer's conduct fell below the applicable standard of care. In the second case, the plaintiff must prove that it had a meritorious claim or remedy that

it lost or that it was found liable when it should not have been due to its attorney's negligence. *See Mihailovich v. Laatsch*, 359 F.3d 892, 904-05 (7th Cir.2004).

> FN2. See also Jessup v. Tague, No. E2002-02058-COA-R3-CV, 2004 WL 2709203, at *3 (Tenn.Ct.App. Nov. 29, 2004) (No Tenn. R.App. P. 11 application filed); Bruce v. Olive, No. 03A01-9509-CV-00310, 1996 WL 93580, at *3-4 (Tenn.Ct.App. Mar. 4,1996) (No Tenn. R.App. P. 11 application filed).

*Austin v. Sneed*, No. M2006-00083-COA-R3-CV, 2007 WL 3375335, at *5 (Tenn. Ct. App. Nov. 13, 2007).

In his affidavit, Mr. Preston did not provide any factual statements to prove that Mr. Barna would not have prevailed in the arbitration regardless of any alleged negligence on Mr. Preston's part. The only statements in the affidavit regarding causation were:

> Anything that I did, or allegedly failed to do, in representing Mr. Barna did not cause or will not cause Mr. Barna to incur any injury or damages. Any injury or damages allegedly suffered by Mr. Barna were not caused by any negligent act or omission on my part.

These are conclusory assertions, and no facts were produced to support these conclusions or to show that Mr. Barna would not have prevailed in the arbitration absent any negligence on the part of Mr. Preston.

Accordingly, I agree that the motion for summary judgment should not have been granted, but my conclusion rests on the defendant's failure to negate a different element of the plaintiff's claim.

_____
PATRICIA J. COTTRELL, P.J., M.S.