Constance Andrews et al., Respondents, v James Cain, Appellant.

Third Department, June 22, 1978

APPEARANCES OF COUNSEL

*Hogan & Sarzynski (Edward J. Sarzynski* of counsel), for appellant.

*Friedlander, Friedlander & Reizes (Leslie N. Reizes* of counsel), for respondents.

**OPINION OF THE COURT**

MIKOLL, J.

Plaintiffs seek recovery for defendant's negligence in failing to prosecute two negligence cases on their behalf stemming from accidents occurring on October 8, 1965 and June 27, 1967. The parties had executed a retainer agreement after the first accident providing that defendant's fee would be 25% of any settlement, or 33⅓% of any sum recovered pursuant to litigation. The same agreement as to fees was orally made between the parties after the second accident. In the only case on the issue, the court in *Childs v Comstock* (69 App Div 160) reduced plaintiff's recovery against his attorney by the 25% contingency fee the defendant would have received had he fulfilled his part of the bargain. The defendant urges on the court that the rule adopted in *Childs v Comstock (supra)* is consonant with the general rule as to the measure of damages in seeking legal redress for a wrong; that is, legal expenses are not awarded to a successful litigant in the prosecution of an action as general or special damages. We find the contrary viewpoint articulated in *Duncan v Lord* (409 F Supp 687), to be more logically sound and in keeping with contemporary legal opinions (e.g., *Benard v Walkup,* 272 Cal App 2d 595; *Winter v Brown,* 365 A2d 381, 386). We conclude that deducting a hypothetical contingency fee fails to compensate plaintiffs fully for their loss of jury verdicts or settlements, since any fee which plaintiffs may have had to pay the defendant had he successfully prosecuted the suit is canceled out by the attorney's fees plaintiffs have incurred in retaining counsel in the present action. Crediting the defendant with a fee he has failed to earn not only rewards his wrongdoing, but places on plaintiffs' shoulders the necessity of paying twice for the same service. As a further consideration, we note that, since the contract was not fulfilled, it was impossible to determine what the deduction from plaintiffs' award would have been. Since the difficulties of proof were of his own creation, defendant should not be permitted to benefit from them.

The judgment should be affirmed, without costs.

SWEENEY, J. P., STALEY, JR., LARKIN and HERLIHY, JJ., concur.

Judgment affirmed, without costs.