Jennifer Cheryl FOSTER et
al., Appellees,

v.

Marshall E. DUGGIN, Appellant.

Supreme Court of Tennessee,
at Nashville.

Aug. 12, 1985.

Ronald C. Koksal, W. Kyle Carpenter, Frantz, McConnell & Seymour, Knoxville, for appellant.

Richard F. LaRoche, Sr., Murfreesboro, for appellees.

OPINION

COOPER, Chief Justice.

The question before this court is whether the defendant, an attorney liable for malpractice, is entitled to have the judgment against him reduced by the amount of the legal fee he contracted to receive for the litigation he negligently conducted. The Court of Appeals affirmed the trial court's decision denying the defendant any credit for his contractual fee. We affirm the result reached by the Court of Appeals.

Plaintiffs, Jennifer C. Foster and her parents, James K. Foster and June Foster, brought suit in 1978 to recover damages for personal injuries suffered by Jennifer in an automobile accident. Plaintiffs employed the defendant, Marshall E. Duggin, an attorney licensed in Tennessee, to represent them. Mr. Duggin agreed to handle the litigation for a one-third contingent fee, but then failed to file the action within the one-year statute of limitations for personal injury suits. The plaintiffs were able to enter into a settlement with the original defendant for $12,500, and also filed this malpractice action. Prior to trial, the parties entered into an agreement which was filed with the trial court. In the agreement Mr. Duggin admitted his liability for malpractice, and it was stipulated that only the issue of damages would be tried. The agreement also noted that determining the amount of damages would involve three issues: the amount of direct damages, the award of prejudgment interest, and the reduction of any award by the amount of the legal fees which Mr. Duggin had contracted to receive for his services. Finally, the agreement provided that Mr. Duggin would receive a $12,500 credit for the settlement of the original litigation.

The jury rendered a verdict against Mr. Duggin in the amount of $73,069.20, plus court and attorney fees. The award of attorney's fees was held to be surplusage by the trial court. The trial court approved the $12,500 credit, but denied the plaintiffs' request for prejudgment interest and Mr.

Duggin's request for reduction of the award.

In determining whether or not a malpractice award should be reduced by the fee which the attorney would have received had he competently handled the litigation, we are faced with two opposing lines of decision. Those cases allowing the reduction hold, generally, that the client should recover only what he would have received had the original matter been properly handled. Since the client would have had to pay the attorney his fee, that fee is deducted from the malpractice award. *See, e.g., Childs v. Comstock*, 69 App.Div. 160, 74 N.Y.S. 643, 649 (1902); *McGlone v. Lacey*, 288 F.Supp. 662, 665 (D.S.D.1968). There is some support for this view in Tennessee. *See In re Woods*, 158 Tenn. 383, 13 S.W.2d 800, 803 (1929); *Sitton v. Clements*, 257 F.Supp. 63, 65 (E.D.Tenn.1966), aff'd 385 F.2d 869 (6th Cir.1967).

The contrary line of decision, which appears to be the majority view, holds that no credit is due the attorney since he has breached the contract by performing negligently, and since deduction of his fee would not fully compensate the client who has incurred additional legal fees in pursuing the malpractice action. These additional fees are said to cancel out any fees which the plaintiff would have owed the attorney had he performed competently. *See, e.g., Christy v. Saliterman*, 288 Minn. 144, 179 N.W.2d 288, 307 (1970); *Andrews v. Cain*, 62 App.Div.2d 612, 406 N.Y.S.2d 168, 169 (1978); *Kane, Kane & Kritzer, Inc. v. Altagen*, 107 Cal.App.3d 36, 43, 165 Cal.Rptr. 534, 538 (1980).

On the facts of this case, we hold that Mr. Duggin should be denied any credit for the legal fees which he originally was to receive. It is the negligent attorney who is at fault for breaching the contract, and the burden of his incompetence should not be placed upon the innocent client. While in an appropriate case the attorney may be entitled to credit for expenses which were incurred on behalf of the client and which ultimately benefitted the client, the record here is silent as to any benefit incurring to the plaintiffs from the actions of Mr. Duggin. To the contrary, the plaintiffs have had to incur additional legal fees to pursue this malpractice action, and they should not be required to assume the burden of twice paying for legal representation. By taking into account the legal fees which plaintiffs have incurred in pursuing this malpractice action we are not, as Mr. Duggin argues, awarding the plaintiffs their attorney fees. The additional fees necessary to pursue this action are in the nature of incidental damages flowing from Mr. Duggin's breach of the contract. *See Winter v. Brown*, 365 A.2d 381, 386 (D.C. App.1976).

The judgment of the Court of Appeals is affirmed. Costs are taxed to the defendant, Marshall E. Duggin.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.