213 N.J. Super. 239 (1986)
517 A.2d 143
GEORGE STRAUSS, PLAINTIFF-APPELLANT,
v.
KENNETH FOST, ESQ. DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1986.
Decided April 17, 1986.
Resubmitted September 30, 1986.
Decided October 9, 1986.
*240 Before Judges DREIER, BILDER and GRUCCIO.
Kronisch, Schkeeper & Lesser, attorneys for appellant (Myron W. Kronisch on the brief).
Kalb, Friedman & Siegelbaum, attorneys for respondent (Steven D. Fleissig, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
In our earlier opinion in this legal malpractice action we determined that defendant was responsible to plaintiff for a loss of a property damage claim concerning which defendant had failed properly to advise plaintiff. See 209 N.J. Super. 490, 497-98 (App.Div. 1986). In order to render a complete determination of the matter, we exercised our original jurisdiction and assessed damages based upon the substantially uncontroverted facts before us. R. 2:10-5. We determined that plaintiff's lost claim should be reduced by the one-third attorney's fee which had been quoted by defendant and which plaintiff had noted would have been charged by any other attorney. The parties, however, had not briefed the point, and our decision to reduce the award by the unearned attorney's fee was made without citation of New Jersey or any out-of-state authorities. Plaintiff, by substituted counsel, moved for a reconsideration of this portion of our earlier decision. We *241 granted plaintiff's motion, R. 2:11-6, and now modify our earlier determination.
We find no New Jersey authority either mandating or precluding the deduction of the attorney's fees which would have been charged or assessed in the underlying claim, the loss of which is the subject of a legal malpractice action. General statements abound. Plaintiff must be put "in as good a position as he would have been had the defendant kept his contract." Lieberman v. Employers' Ins. of Wausau, 84 N.J. 325, 341 (1980), quoting Giumarra v. Harrington Heights, Inc., 33 N.J. Super. 178, 196 (App.Div. 1954), aff'd o.b. 18 N.J. 548 (1955). A client "may recover for losses which are proximately caused by the attorney's negligence or malpractice." Lieberman v. Employers' Ins. of Wausau, 84 N.J. at 341; Hoppe v. Ranzini, 158 N.J. Super. 158, 164 (App.Div. 1978). This issue, however, is whether a client is made whole when the attorney's fee he would have paid in the initial action is deducted and he then must pay a second fee to collect even the reduced amount in a suit against his original attorney. There is a split in authority as to whether there should be a deduction for the unearned attorney's fee. Compare McGlone v. Lacey, 288 F. Supp. 662 (D.S.D. 1968); Sitton v. Clements, 257 F. Supp. 63 (E.D.Tenn. 1966), aff'd 385 F.2d 869 (6th Cir.1967); Childs v. Comstock, 69 App.Div. 160, 74 N.Y.S. 643 (App.Div. 1902), apparently overruled by Andrews v. Cain, infra, all deducting the fee as a recovery of a sum originally unanticipated by plaintiff, with Kane, Kane & Kritzer, Inc. v. Altagen, 107 Cal. App.3d 36, 165 Cal. Rptr. 534 (1980); Togstad v. Vesely, Otto, Miller & Keefe, 291 N.W.2d 686 (Minn. 1980); Andrews v. Cain, 62 A.D.2d 612, 406 N.Y.S.2d 168 (3d Dept. 1978) (but see Titsworth v. Mondo, 95 Misc.2d 233, 407 N.Y.S.2d 793 (N.Y. Sup. Ct. 1978) deferring the issue to the trial court and noting the diversity of views); Duncan v. Lord, 409 F. Supp. 687 (E.D.Pa. 1976); Winter v. Brown, 365 A.2d 381 (D.C.Ct.App. 1976); Christy v. Saliterman, 288 Minn. 144, 179 N.W.2d 288 (1970), all permitting recovery without deduction. Some of these cases have been *242 collected in Meiselman, Attorney Malpractice: Law and Procedure, (Lawyers Co-op. Pub. Co. 1980) at 59, where the author notes:
There has been much debate as to whether the damages are reduced by what the attorneys fees would have been in the underlying action. The earlier cases hold that such fees are to be deducted since plaintiff was neither entitled to nor anticipating such recovery without a deduction for the attorneys fees. However, the recent cases holding otherwise have clearly indicated that the potential fee that the attorney would have recovered is not deductible. Thus, the client receives, at least in the eyes of some, a windfall benefit which the courts may feel is deserved by the client having to endure two lawsuits.
Awarding of the full amount of the initial claim, undiminished by the unearned attorney's fees, in most cases will "put a plaintiff in as good a position as he would have been had" there been no malpractice. Lieberman v. Employer's Ins. of Wausau, supra, 84 N.J. at 341. Relying upon the better-reasoned of the authorities just cited, we could find that "the damages sustained... include the cost of additional litigation in order to recover on [plaintiff's] original claim ... [and such] additional attorney's fees cancel out any attorney's fees that [plaintiff] might have owed [defendant] had [he] successfully prosecuted the case..." Winter v. Brown, supra, 365 A.2d at 386. As otherwise stated in Christy v. Saliterman, supra, the parties may well have assumed themselves "that the element of attorneys' fees, which plaintiff might have had to pay defendant had he successfully prosecuted the suit, was canceled out by the attorneys' fees plaintiff incurred in retaining counsel to establish that defendant failed to prosecute a recoverable action." 179 N.W.2d at 307. While not strictly constituting an award of an attorney's fee in the second suit, application of this theory has an equitable appeal.
We prefer, however, to rest our decision upon the proposition that a negligent attorney in the appropriate case is not entitled to recover his legal fees. See Kane, Kane & Kritzer, Inc., v. Altagen, supra, 107 Cal. App.3d at 43-44, 165 Cal. Rptr. at 538, although the court there also applied the offset rationale. We prefer not to establish a hard and fast rule that in no *243 case can a negligent attorney be entitled to any portion of his legal fees. We can envision cases where on a quantum meruit basis the efforts of a defendant attorney may have so benefited a plaintiff or other circumstances exist that it would be unfair to deny all or part of the offset. The general rule should be that the negligent attorney is to be considered precluded from recovering his attorney's fee and, therefore, the total amount of the initial recovery would be awardable. A court should determine on a case-by-case basis whether the general rule should be applied and may relax the rule and permit the deduction for the initial attorney's fee where the interests of justice so dictate.
In the case before us there is no reason to relax the rule and we, therefore, modify our initial damages determination, 209 N.J. Super. at 499, and award plaintiff $3,272.99, undiminished by the attorney's fee.
We remand this matter for the entry of a modified judgment.