KATHLEEN CAMPAGNOLA et al., Respondents, v MULHOLLAND, MINION & ROE et al., Appellants. (And a Third-Party Action.)

Second Department, July 10, 1989

### APPEARANCES OF COUNSEL

*L'Abbate & Balkan (Peter L. Contini* and *Ronald C. Burker* of counsel), for appellants.

*Harry Organek* for respondents.

### OPINION OF THE COURT

MANGANO, J. P.

The question to be answered on this appeal is whether, as a general rule, an award of damages for legal malpractice should be reduced by the fee which the defendant attorney

would have received had he competently handled the underlying claim. In our view, this question must be answered in the negative.

On September 19, 1984, the plaintiff Kathleen Campagnola, a school crossing guard employed by the Nassau County Police Department, was struck by an automobile and suffered personal injuries. Thereafter, she retained the defendant law firm to represent her. The individual defendant, a member of that law firm, was assigned to handle the matter on behalf of the firm. A contingency retainer agreement was signed, which provided that the defendant law firm was to receive a fee only if there was a recovery, and then only one third of the recovery, after deducting expenses. The automobile which struck Kathleen Campagnola was insured by the Metropolitan Life Insurance Company (hereinafter Metropolitan), and Metropolitan's policy provided liability coverage for bodily injury with a maximum limit of $10,000. The defendants allegedly advised the plaintiff to accept the sum of $10,000 in settlement of all claims relating to the bodily injury action, and they prepared general releases. The plaintiffs signed the releases on or about August 12, 1985, and the settlement was consummated.

In their complaint alleging legal malpractice against the defendants, the plaintiffs asserted that the reasonable value of their injuries far exceeded $10,000 and that the defendants failed "to determine and ascertain whether additional insurance coverage for bodily injury was available to the plaintiffs in the form of underinsured motorist benefits". The plaintiffs further alleged that on the date of the accident, they in fact had an insurance policy with Government Employees Insurance Company (hereinafter GEICO) which provided underinsured motorist benefits for bodily injury up to $100,000. Accordingly, the plaintiffs alleged that the defendants' legal malpractice proximately caused them damages in the sum of $100,000. Specifically, the complaint states:

"21. That the terms of the insurance policy issued by GEICO as a condition precedent to eligibility for underinsured motorist benefits did require that GEICO receive written notice of the accident; that the insureds cooperate with GEICO in regard to any claim arising out of said accident; and that the consent of GEICO be obtained prior to the release and settlement of any claim as against any tortfeasor deemed responsible by acts of negligence for the injuries suffered by the plaintiff insured.

"22. That the defendants did fail to give written notice of the accident to GEICO or to otherwise communicate with GEICO as required by the policy; and did fail to bring to the attention of the plaintiffs the fact that a claim for underinsured motorist benefits was available under the GEICO policy; and did fail to counsel and advise the plaintiffs in regard to the meaning and significance of such insurance coverage; and did fail to obtain the consent of GEICO prior to settlement of the action with METROPOLITAN.

"23. That the * * * acts of omission as hereinabove alleged did cause a breach to occur of the insurance contract issued by GEICO and did defeat the subrogation rights of GEICO as against the owner and operator of the vehicle which struck the plaintiff.

"24. That the defendants' negligence consisted in the failure to make proper inquiry and to properly counsel and advise the plaintiffs; in the failure to properly make a claim for underinsured motorist benefits against GEICO; in the failure to communicate with GEICO; in causing a breach to occur to plaintiffs' policy providing underinsured motorist benefits; and in other acts of negligence.

"25. By reason of the foregoing, the plaintiffs have been permanently deprived of underinsured motorist benefits relating to the aforesaid automobile accident which benefits would otherwise have been available to them and have thereby suffered damages in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS".

In their answer, the defendants alleged in their fourth separate and partial affirmative defense, as follows: "ELEVENTH: In the event it is determined that this plaintiff is entitled to money damages from this answering defendant, then such damages must be diminished by the amount that this answering defendant would have recovered in the underlying personal injury action as attorney's fees in said action and by the further amount of expenses incurred by this answering defendant, if any, in the prosecution of the underlying personal injury action on behalf of the plaintiff".

The Supreme Court granted the plaintiffs' motion to strike the defendants' fourth affirmative defense, relying on the holding of the Appellate Division, Third Department, in *Andrews v Cain* (62 AD2d 612).

There is a minority, and generally older line of cases, including the decision of the Appellate Division, First Depart-

ment, in *Childs v Comstock* (69 App Div 160), which holds that a legal malpractice award should be reduced by the fee which the defendant would have received had the underlying claim been competently handled *(see, McGlone v Lacey,* 288 F Supp 662; *Sitton v Clements,* 257 F Supp 63, 65, *affd* 385 F2d 869; *In re Woods,* 158 Tenn 383, 13 SW2d 800; *Moores v Greenberg,* 834 F2d 1105). These courts are of the view that a client who sues an attorney to recover damages for legal malpractice should recover only what he would have received had the original matter been properly handled. Since the client would have had to pay the attorney his fee, that fee, according to this line of cases, is deductible from the malpractice award.

We disagree with this approach. Instead, we agree with the majority and generally more recent line of cases, including the decision of the Appellate Division, Third Department, in *Andrews v Cain (supra),* which holds that such a deduction should not be made from a legal malpractice award *(see also, Benard v Walkup,* 272 Cal App 2d 595, 77 Cal Rptr 544; *Kane, Kane & Kritzer v Altagen,* 107 Cal App 3d 36, 165 Cal Rptr 534; *Christy v Saliterman,* 288 Minn 144, 179 NW2d 288; *Togstad v Vesely, Otto, Miller & Keefe,* 291 NW2d 686 [Minn]; *Foster v Duggin,* 695 SW2d 526 [Tenn]; *Strauss v Fost,* 213 NJ Super 239, 517 A2d 143; *Winter v Brown,* 365 A2d 381 [DC]; *Duncan v Lord,* 409 F Supp 687). In holding that a client in a legal malpractice action may be awarded the full amount of the underlying claim, undiminished by the unearned counsel fees, the Appellate Division, Third Department, stated *(Andrews v Cain, supra,* at 613): "We conclude that deducting a hypothetical contingency fee fails to compensate plaintiffs fully for their loss of jury verdicts or settlements, since any fee which plaintiffs may have had to pay the defendant had he successfully prosecuted the suit is canceled out by the attorney's fees plaintiffs have incurred in retaining counsel in the present action." This same approach can be found in *Winter v Brown (supra,* at 386) where the court stated: "[t]he damages sustained * * * include the cost of additional litigation in order to recover on [plaintiff's] original claim * * * [and such] additional attorney's fees cancel out any attorney's fees that [plaintiff] might have owed [defendant] had [he] successfully prosecuted the case" *(see, Togstad v Vesely, Otto, Miller & Keefe, supra; Foster v Duggin, supra).* While this reasoning has an "equitable appeal" *(Strauss v Fost, supra,* 213 NJ Super, at 242, 517 A2d, at 145), it has not been immune from critical attack. As the United States Court of Appeals for the First

Circuit has stated *(Moores v Greenberg, supra,* at 1111): "But, the assertion that the fees originally to be paid should not be deducted from a malpractice award because the client will then pay twice for the 'same' services assumes what it sets out to determine: that plaintiff is entitled to recover the attorneys' fees. To that extent, the argument is an essentially circular *ipse dixit;* it supplies no cognitive basis for the result urged by Moores. Moreover, the general rule in the United States, unlike in England, is that each suitor bears his own lawyering costs. *Alyeska Pipeline Service Co. v Wilderness Society,* 421 U.S. 240, 248, 95 S.Ct. 1612, 1617, 44 L.Ed.2d 141 (1975). In the absence of a statute, an enforceable agreement, or a recognized juridical exception to the general rule, counsel fees do not accrue in favor of a successful litigant. *Id.* at 269, 95 S.Ct. at 1627. In a judicial system which refuses routinely to shift attorneys' fees as a form of incidental damages, it makes little sense to award them by indirection. By barring a jury from considering the antecedent contingent fee obligation when deciding damages in a * * * malpractice action, we would accomplish exactly that." Nevertheless, there is an alternate, and more fundamental ground, for holding that the defendants are not entitled to a deduction of the amount of their original fee from any legal malpractice award. This alternate ground, which we find persuasive, was expressly advanced by the court in *Strauss v Fost (supra,* 213 NJ Super, at 242-243, 517 A2d, at 145): "We prefer however, to rest our decision upon the proposition that a negligent attorney in the appropriate case is not entitled to recover his legal fees * * * The general rule should be that the negligent attorney is to be considered precluded from recovering his attorneys' fee and, therefore, the total amount of the initial recovery would be awardable." *(Cf., Martin, Van de Walle, Guarino & Donohue v Yohay,* 149 AD2d 477.) Accordingly, the order appealed from is affirmed.

BRACKEN, KUNZEMAN and EIBER, JJ., concur.

Ordered that the order is affirmed, with costs.