696 A.2d 664

DOROTHY DONOHUE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF WILLIAM H. DONOHUE; ERIN DONOHUE, KERRY DONOHUE AND SEAN DONOHUE, PLAINTIFFS–APPELLANTS, v. CLIFFORD N. KUHN, JR., DEFENDANT–RESPONDENT.

Argued February 3, 1997—Decided July 16, 1997.

*James M. Nardelli* argued the cause for appellants (*Parsons Cappiello & Nardelli*, attorneys).

*Michael B. Oropollo* argued the cause for respondent (*Harwood Lloyd*, attorneys).

*Andrew P. Napolitano* argued the cause for *amicus curiae*, New Jersey State Bar Association (*Cynthia M. Jacob*, President, attorney; *Linda Lashbrook*, on the brief).

The opinion of the Court was delivered by

POLLOCK, J.

This is the third opinion in which we hold that the entire controversy doctrine does not bar a subsequent legal-malpractice action. Plaintiffs are Dorothy Donohue, widow and executrix of the estate of William Donohue, and their children, Erin, Kerry, and Sean. Defendant, Clifford N. Kuhn, is an attorney whom plaintiffs claim they retained to represent their interests following the murder of William Donohue by Joseph Peplinski on May 5, 1987. Kuhn denies that plaintiffs retained him. Peplinski's criminal trial in 1989 revealed that his mother, Rosalind, had provided him with the murder weapon, a knife. Because the matter arises on the appeal from Kuhn's motion to dismiss, we accept plaintiffs' allegations as true.

Plaintiffs allege that Kuhn failed to institute an action asserting wrongful death and survivorship claims within the relevant periods of limitation. On February 26, 1990, plaintiffs, represented by separate counsel, filed a complaint asserting such claims against

Rosalind Peplinski and a fictitious defendant identified as "John Doe." On September 26, 1990, the Law Division dismissed the wrongful death claim as having been instituted beyond the two year period of limitations provided by *N.J.S.A.* 2A:31–3. Plaintiffs did not appeal from the dismissal.

The Law Division permitted the survivorship claim to proceed, reasoning that the claim did not accrue under *N.J.S.A.* 2A:14–2, the statute of limitations pertaining to such claims, until plaintiffs discovered in 1989 that Rosalind Peplinski had provided the murder weapon to her son. In January 1993, the Law Division granted Rosalind's motion for summary judgment for dismissal of the survivorship claim because her conduct was not the proximate cause of William Donohue's death. Plaintiffs appealed.

On October 14, 1993, while the appeal was pending, plaintiffs filed the present malpractice action against Kuhn. Four months later, the Law Division entered an order that stayed discovery in the malpractice action, pending resolution of the appeal from the dismissal of the survivorship action. On July 22, 1994, the Appellate Division reversed the summary judgment dismissing that action. Thereafter, the parties reached a settlement on December 4, 1994.

On December 29, 1995, Kuhn moved for summary judgment, asserting that the entire controversy doctrine barred this legal-malpractice action. He contends that after dismissal of the wrongful death claim and while the survivorship claim was pending, plaintiffs should have amended the complaint to include their malpractice claim against him.

The Law Division denied Kuhn's motion for summary judgment on February 2, 1996. Although the record is not clear, the trial court apparently reasoned that because the survivorship action was still pending when plaintiffs instituted the malpractice action against Kuhn, the entire controversy doctrine did not bar the action. Additionally, the court reasoned that the stay of discovery in the legal-malpractice action indicated that both Kuhn and the court in that action were aware of the pendency of the survivor-

ship action. According to the court, Kuhn's failure to participate in discovery in the survivorship action did not prejudice him.

The Appellate Division reversed and entered summary judgment for Kuhn. 292 *N.J.Super.* 197, 678 *A.2d* 737 (1996). It rejected plaintiffs' contention that their legal-malpractice claim against Kuhn did not accrue until the Appellate Division reversed the dismissal of the survivorship action. *Id.* at 201, 678 *A.2d* 737. The court reasoned that "plaintiffs were legally obligated to believe that they had a viable action [against Kuhn] when they filed the [malpractice] complaint" before the reversal of the dismissal of the survivorship claim. According to the Appellate Division, on dismissal of the wrongful death claim, plaintiffs knew or should have known of Kuhn's alleged failure to sue within the relevant period of limitations. Consequently, plaintiffs should have informed the Law Division of their malpractice claim before that court dismissed the survivorship claim. Finally, the court stated that plaintiffs' failure to join Kuhn in the survivorship action deprived the Law Division of the opportunity to manage the proceedings. *Id.* at 204, 678 *A.2d* 737.

The Appellate Division further held that the stay of discovery in the legal-malpractice action was "irrelevant" because the entire controversy doctrine barred that action on filing. *Id.* at 202, 678 *A.2d* 737. It also found irrelevant the fact that another part of the Appellate Division had reversed the dismissal of the survivorship action, explaining "we do not believe that the failure to timely commence an action in the trial court can be saved by the happenstance of a reversal following judgment." *Id.* at 204, 678 *A.2d* 737.

In sum, the Appellate Division held that plaintiffs knew or should have known of Kuhn's legal malpractice at the time of the dismissal of the wrongful death action. *Ibid.* The court concluded that the entire controversy doctrine required plaintiffs to "amend their original complaint to name Kuhn as a defendant after the wrongful-death action was dismissed while the balance of the [survivorship] complaint was still before the trial court." *Ibid.* We

granted plaintiffs' petition for certification, 146 *N.J.* 568, 683 *A.*2d 1163 (1996), and now reverse.

In *Olds v. Donnelly,* the lead opinion in today's trilogy, we have discussed the practical problems arising from the application of the entire controversy doctrine to legal-malpractice claims. *Olds v. Donnelly,* 150 *N.J.* 424, 440–44, 696 *A.*2d 633 (1997). For the reasons set forth in *Olds,* we hold that the entire controversy doctrine does not compel joinder of legal-malpractice claims in underlying actions. *Id.* at 428, 696 *A.*2d 633. Thus, the entire controversy doctrine does not bar plaintiffs' claim against Kuhn.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division.

STEIN, J., concurring in part and dissenting in part.

I join in the Court's disposition of this appeal, but not because I agree with its determination that the entire controversy doctrine should not apply to attorney-malpractice claims. Rather, for the reasons stated in my concurring and dissenting opinion in *Olds v. Donnelly,* 150 *N.J.* 424, 696 *A.*2d 633 (1997), also decided today, I would overrule *Cogdell v. Hospital Center at Orange,* 116 *N.J.* 7, 560 *A.*2d 1169 (1989), and consequently no longer would apply the entire controversy doctrine to bar suits against parties omitted from prior litigation.

STEIN, J., concurring in part and dissenting in part.

*For reversal and remandment*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI and COLEMAN—6.