701 A.2d 916

RICHARD BAILEY AND MARIE BAILEY, PLAINTIFFS–RESPON-
DENTS/CROSS–APPELLANTS, v. POCARO & POCARO, AND
RALPH J. POCARO, IMPROPERLY PLEADED AS RALPH B.
POCARO, DEFENDANTS. AND JEFFREY R. POCARO, IM-
PROPERLY PLEADED AS JEFFREY C. POCARO, DEFEN-
DANT–APPELLANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 28, 1997—Decided February 24, 1997—Remanded
by Supreme Court July 16, 1997—Resubmitted September 15,
1997—Decided October 27, 1997.

1

Before Judges DREIER, NEWMAN and VILLANUEVA.

*Carton, Witt, Arvanitis & Bariscillo*, attorneys for appellant/cross-respondent (*Peter V. Koenig*, of counsel and on the brief).

*Robert H. Jaffe & Associates*, attorneys for respondents/cross-appellants (*Mr. Jaffe*, on the brief).

The opinion of the court was delivered by

NEWMAN, J.A.D.

In our decision of February 24, 1997, we reversed and vacated the judgment embodying the jury verdict against defendant Jeffrey R. Pocaro (reference to defendant is to Jeffrey R. Pocaro, only). We did so on the ground that the entire controversy doctrine barred the claims of plaintiffs, Richard and Marie Bailey, because they were required to "present all claims, even those against different parties, that stem from the same transactionally related facts in one controversy before one court." *See Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 *N.J.* 280, 299, 662 *A.2d* 509 (1995). In doing so, we relied expressly on our decision in *Donohue v. Kuhn*, 292 *N.J.Super.* 197, 678 *A.2d* 737 (App.Div.1996). In view of our reversal of the judgment and dismissal of the complaint, we did not address the issues raised on plaintiffs' cross-appeal, dismissing them as moot.

The Supreme Court has now spoken in *Olds v. Donnelly*, 150 *N.J.* 424, 696 *A.2d* 633 (1997), holding that the party joinder requirements of the entire controversy doctrine do not extend to claims of attorney malpractice. The Court also reversed our judgment in *Donohue v. Kuhn*, 150 *N.J.* 484, 696 *A.2d* 664 (1997), reaffirming the holding of *Olds* that the entire controversy doctrine does not compel joinder of legal malpractice claims in underlying actions. *See also Karpovich v. Barbarula*, 150 *N.J.* 473, 696 *A.2d* 659 (1997).

Plaintiffs filed a petition for certification from our judgment. That petition was granted by the Court and the case remanded for reconsideration in light of *Olds v. Donnelly*.

We directed the attorneys for both parties to file briefs on the issues affected by the Supreme Court's remand. They have done so and we have considered them. Based on the Supreme Court's trilogy of cases holding that a party need not join a legal malpractice claim in the underlying action, we vacate our previous judgment and reinstate and affirm the judgment containing the jury verdict in favor of plaintiffs.

■ Before addressing plaintiffs' arguments on cross-appeal, we consider defendant's arguments that, in the event that the entire controversy doctrine no longer bars plaintiffs' action, he should be permitted to argue that the claims against him are barred by collateral estoppel, that the plaintiffs are subject to the doctrine of judicial estoppel and that piecemeal litigation contains other issues which defendant should be permitted to explore fully before the trial court by way of remand. Defendant never raised these arguments before the trial judge, despite his failure to successfully argue there that the entire controversy doctrine barred the legal malpractice trial against him as he stood in the place of the original defendants: United Airlines, certain employees of the airline and the Airline Pilots Association, International. More significantly, the trial against defendant has already been conducted and the jury's verdict returned. While we would not entertain arguments on appeal that were not raised before the trial court, see *Ferraro v. Demetrakis*, 167 *N.J.Super.* 429, 400 *A.*2d 1227 (App.Div.), *certif. denied*, 81 *N.J.* 290, 405 *A.*2d 834 (1979) (even constitutional issues not raised below will not ordinarily be considered on appeal), we certainly have no basis to do so here, where the trial has already been completed. Defendant's attempt to challenge the jury verdict on arguments that should have been raised prior to the commencement of trial is analogous to challenging a criminal conviction by the post-conviction relief procedure. *R.* 3:22. However, this is a civil case and there is no comparable procedure to collaterally attack a money judgment.

■ In view of our reinstatement of the jury verdict, we address the issues raised by plaintiffs on their cross-appeal. Plaintiffs argue that they were entitled to be reimbursed for their legal expenses, which included costs and attorneys' fees incurred in pursuing the legal malpractice action against defendant, and the trial judge erred by not including these expenses as an element of consequential damages. Plaintiffs also contend that prejudgment interest was not properly calculated.

At the time that the trial judge denied plaintiffs' timely request to include litigation expenses incurred in pursuit of their malpractice claim, the Supreme Court had not yet decided *Saffer v. Willoughby*, 143 *N.J.* 256, 670 *A.*2d 527 (1996). There, the Court ruled that a client may recover for losses which are proximately caused by the attorney's negligence or malpractice. "The purpose of a legal malpractice claim is 'to put a plaintiff in as good a position as he [or she] would have been had the [attorney] kept his [or her] contract.' " *Saffer, supra*, 143 *N.J.* at 271, 670 *A.*2d 527 (quoting *Lieberman v. Employers Ins. of Wausau*, 84 *N.J.* 325, 341, 419 *A.*2d 417 (1980)). The Court in *Saffer* went on to say:

[A] negligent attorney is responsible for the reasonable legal expenses and attorney fees incurred by a former client in prosecuting the legal malpractice action. Those are consequential damages that are proximately related to the malpractice. In the typical case, unless the negligent attorney's fee is determined to be part of the damages recoverable by a plaintiff, the plaintiff would incur the legal fees and expenses associated with prosecuting the legal malpractice suit.

[*Id.* at 272, 670 *A.*2d 527.]

The Court unmistakably concluded that the expenses incurred by a plaintiff may be consequential damages recoverable in order to make it whole in a successful malpractice prosecution. *Ibid.*

Contrary to defendant's assertion, this court's decision in *Strauss v. Fost*, 213 *N.J.Super.* 239, 517 *A.*2d 143 (App.Div.1986), does not require that the decision in *Saffer* be read differently. In *Saffer*, the Court reiterated the general rule that, "[o]rdinarily, an attorney may not collect attorney fees for services negligently performed." *Saffer, supra*, 143 *N.J.* at 272, 670 *A.*2d 527; *Strauss, supra*, 213 *N.J.Super.* at 243, 517 *A.*2d 143. *Strauss* addressed the ability of an attorney to collect fees for services negligently performed. However, the Court in *Saffer* went beyond *Strauss*, stating: "In addition, a negligent attorney is responsible for the reasonable legal expenses and attorney fees incurred by a former client in prosecuting a legal malpractice action." *Saffer, supra*, 143 *N.J.* at 272, 670 *A.*2d 527. *Saffer*, therefore, added to *Strauss* by holding the negligent attorney responsible for fees and costs incurred in the malpractice action.

Defendant argues that *R.* 4:42–9(a) governs the award of counsel fees and that the fees addressed here are not embraced by the court rule. Even if that is so, the award of attorneys' fees has become an element of damages in this particular cause of action for legal malpractice. *See Gerhardt v. Continental Ins. Cos.,* 48 *N.J.* 291, 225 *A.*2d 328 (1966). *R.* 4:42–9 "does not preclude an allowance of reasonable counsel fees where the incurring thereof is a traditional element of damages in a particular cause of action." *See Pressler, Current N.J. Court Rules,* comment 2 on *R.* 4:42–9 (1998) and the cases cited therein.

Defendant also argues that our state follows the "American rule" regarding the payment of counsel fees, which recognizes that the prevailing litigant is ordinarily not entitled to collect any attorneys' fees from the loser. *See Van Horn v. City of Trenton,* 80 *N.J.* 528, 538, 404 *A.*2d 615 (1979). Defendant's observation as to the general rule on attorneys' fees followed in our state is beside the point. In no way does it detract from the Supreme Court's determination in *Saffer,* which dictates that a plaintiff who is economically injured by an attorney's legal deficiency should be made whole. As pointed out, the concept of "wholeness" includes the attorney's fees and costs to pursue the malpractice claim. Therefore, we remand to the trial court to determine whether plaintiffs' damages are properly includable in the calculation of consequential damages, and, if so, the amount of those damages.

Plaintiffs contend that the same concept of wholeness applies to attorneys' fees as it does to costs on appeal. With respect to attorneys' fees, plaintiffs argue that *R.* 2:11–4 allows for a fee application for legal services rendered on appeal to be made by motion supported by affidavit to be served and filed within 10 days "after the determination of the appeal." Plaintiffs note that ordinarily, the appellate court does and should permit a counsel fee whenever allowable in the trial court, citing *Pressler, Current N.J. Court Rules,* comment on *R.* 2:11–4 (1988). Because counsel fees are included within the framework of damages at trial in the legal malpractice action against defendant, plaintiffs assert that

this same logic should apply to the appeal and the application of *R.* 2:11–4.

We expect that defendant will respond to plaintiffs' application for counsel fees on appeal when that application is presented. Plaintiffs have set forth their position with clarity. Defendant has not had an opportunity to address this contention. We, therefore, defer ruling on the issue as it is premature.

Plaintiffs next assert that prejudgment interest should be recalculated in this case from January 1, 1985 in order to make them "whole." This is the date that plaintiffs' contract and quasi-contractual claims would have been perfected but for the malpractice of defendant. Plaintiffs' complaint, however, only sought "prejudgment interest at the highest legal rate from April 6, 1988," the date the Third Circuit Court of Appeals affirmed the dismissal of the complaint against those parties whom the defendant replaced because of his legal malpractice. Nonetheless, in support of their argument, plaintiffs rely on *Osborne v. O'Reilly,* 267 *N.J.Super.* 329, 631 *A.*2d 577 (Law Div.1993).

There, the court addressed the issue of the interest owed in a legal malpractice action where malpractice was stipulated. A trial within a trial was held to determine what the verdict would have been had there been no malpractice. *Id.* at 331, 631 *A.*2d 577. The court commented that the object in a legal malpractice case is to determine the recovery which the client would have obtained had the malpractice not occurred. *Ibid.* The court then found that the loss proximately caused by the malpractice includes "interest plaintiff would have recovered on the underlying claim." *Id.* at 332, 631 *A.*2d 577. Thus, *Osborne* would favor allowing prejudgment interest to accrue from the date that the claim most likely would have been decided had the malpractice not occurred.

Conversely, defendant asserts that plaintiffs should not be entitled to prejudgment interest because they deferred in bringing their second action against defendant until it suited their own timetable. As defendant put it, "plaintiffs cannot hold Mr. Pocaro

responsible for the interest accruing during their volitional hiatus."

Prejudgment interest represents payment for the use of money. *Id.* at 335, 631 *A.*2d 577. In another sense, "it is compensatory, to indemnify the claimant for the loss of what the moneys due him would presumably have earned if payment had not been delayed." *Busik v. Levine,* 63 *N.J.* 351, 358, 307 *A.*2d 571 (1973). The strict application of the tort recovery rule for prejudgment interest, *R.* 4:42–11(b), does not take into account the "wholeness" concept embodied in a legal malpractice claim. Furthermore, a legal malpractice claim is a hybrid itself, consisting of a blend of contract and tort elements. Depending on the point of view, a delinquent attorney may be said to have breached his contract of employment by failing to provide competent legal services. By the same token, the attorney may be viewed as negligent in deviating from the accepted standards of legal practice. We, therefore, are convinced that the award of prejudgment interest in a legal malpractice action should not be limited to the tort recovery rule, but should be guided by equitable principles with the concept of making the victim whole of paramount significance. The award of pre-judgment interest shall be part of the remanded proceedings before the trial judge who presided over the trial, is familiar with all of the proceedings and is in the best position to arrive at a fair and just result.

On the direct appeal, we vacate the prior judgment of this court and affirm the judgment embodying the jury verdict. On the cross-appeal, we reverse and remand for further proceedings consistent with this opinion.