Gary N. Weintraub, Respondent-Appellant,
against
Maria Petervary, Appellant-Respondent.




Russell I. Marnell, Esq., for appellant-respondent.
Kaufman, Dolowich & Voluck, LLP (Brett A. Scher, Esq.), for respondent-appellant.
Gary N. Weintraub, Esq., for respondent-appellant pro se.

Appeal, and cross appeal on the ground of inadequacy, from a judgment of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), entered February 13, 2015. The judgment, entered upon so much of an order of that court dated January 31, 2014 as granted plaintiff's motion for summary judgment dismissing the counterclaim, and after a nonjury trial of plaintiff's cause of action, awarded plaintiff the principal sum of $5,092 and implicitly dismissed defendant's counterclaim. Defendant's appeal from the judgment brings up for review so much of an amended order of that court dated February 20, 2015 as denied the branch of defendant's motion seeking leave to file an amended answer to add affirmative defenses (see CPLR 5501 [a] [1]).




ORDERED that the judgment is reversed, without costs, so much of the order dated January 31, 2014 as granted plaintiff's motion for summary judgment dismissing the counterclaim is vacated; plaintiff's motion for summary judgment dismissing the counterclaim is granted only to the extent of granting plaintiff partial summary judgment dismissing so much of the counterclaim as seeks to recover for legal malpractice based on plaintiff's alleged failure, while representing defendant in a Supreme Court equitable distribution action, to establish that, [*2]under Hungarian law, defendant had entered into a common-law marriage with her former spouse prior to their New York marriage; so much of the amended order dated February 20, 2015 as denied the branch of defendant's motion seeking leave to file an amended answer is vacated; and the matter is remitted to the District Court for a new determination of that branch of defendant's motion and, thereafter, for a new trial on plaintiff's cause of action and on the remaining portions of the counterclaim; and it is further,
ORDERED that the cross appeal is dismissed as academic.
Defendant and Nicholas Petervary (Nicholas) were married in New York on November 15, 1998 and were divorced by a Hungarian court in March 2007. The Hungarian court referred to the New York courts the issues regarding the distribution of property located in New York. On January 30, 2008, defendant retained plaintiff to represent her in a postdivorce action for equitable distribution, which was thereafter commenced in the Supreme Court of Suffolk County on February 8, 2008. After Nicholas failed to appear in that action, an inquest was held in 2009, following which the Supreme Court did not award defendant the portion of the assets to which she felt she was entitled, and denied her an award of counsel fees on the ground that plaintiff had not submitted his invoices to the court. Plaintiff was discharged by defendant on March 16, 2010. Plaintiff subsequently commenced this action to recover for legal services he had rendered in the Supreme Court action between February 2, 2008 and March 11, 2010, alleging a balance due of $12,582.48.
In her answer, defendant generally denied the allegations of the complaint and interposed a counterclaim, contending that, because plaintiff had committed legal malpractice in the Supreme Court action, he was not entitled to be reimbursed for any of the legal services he had rendered therein. Essentially, defendant alleged four instances of plaintiff's malpractice, to wit, that plaintiff had failed to: (1) establish that defendant had entered into a valid common-law marriage with Nicholas, pursuant to Hungarian law, prior to their November 1998 marriage, which proof would have enhanced defendant's entitlement to equitable distribution of the marital assets located in New York; (2) promptly obtain and serve a temporary restraining order on Citibank/Smith Barney, which would have prevented Nicholas from removing funds which, she alleged, constituted marital property, from an account held at that institution; (3) secure an expert appraiser to testify at the inquest in the Supreme Court action regarding the appreciation, during the marriage, of the value of the marital residence, which had been owned by Nicholas prior to their 1998 marriage, in order to demonstrate defendant's entitlement to an interest therein; and (4) submit to the Supreme Court the invoices pertaining to his representation of defendant, resulting in the court's denial of her application for an award of attorney's fees.
Thereafter, plaintiff moved for summary judgment dismissing defendant's counterclaim. Defendant cross-moved for (1) an order directing plaintiff to return the legal fees she had paid to him in the Supreme Court action, (2) summary judgment dismissing the complaint, and (3) summary judgment on her counterclaim. 
By order dated January 31, 2014, the District Court (C. Stephen Hackeling, J.) granted plaintiff's motion for summary judgment dismissing defendant's counterclaim and denied defendant's cross motion in its entirety. On February 10, 2014, plaintiff filed a notice of trial and certificate of readiness, and, in July 2014, a trial on plaintiff's cause of action was scheduled for November 17, 2014.
In September 2014, defendant moved to dismiss the complaint or, in the alternative, for leave to file an amended answer, pursuant to CPLR 3018 (b) and 3025 (b), to include various affirmative defenses, including one for breach of contract. By order dated November 12, 2014, the District Court (C. Stephen Hackeling, J.) denied defendant's motion in its entirety, referring to its prior January 31, 2014 order which, among other things, had granted plaintiff's motion for summary judgment dismissing defendant's counterclaim for legal malpractice. The court stated that, to permit an amendment to the answer, "given the lengthy procedural history herein, and literally on the brink of trial, would be prejudicial and legally improper and is unwarranted." An order dated February 20, 2015 amended the November 12, 2014 order by adding a provision for costs.
A nonjury trial was held on November 17, 2014, following which a judgment in plaintiff's favor, in the principal sum of $5,092 and implicitly dismissing the counterclaim, was entered on February 13, 2015. Defendant appeals from the judgment, and plaintiff cross-appeals from the judgment on the ground of inadequacy. Defendant's appeal from the judgment brings up for review so much of the February 20, 2015 amended order as denied the branch of defendant's motion seeking leave to file an amended answer to add affirmative defenses (see CPLR 5501 [a] [1]).
Initially, we address the January 31, 2014 order dismissing the legal malpractice counterclaim, since our determination with respect thereto can impact upon plaintiff's right to recover legal fees (see Kluczka v Lecci, 63 AD3d 796 [2009]; Campagnola v Mulholland, Minion & Roe, 148 AD2d 155, 158 [1989], affd 76 NY2d 38 [1990]). Whether specific conduct constitutes legal malpractice is a factual determination to be made by the trier of fact (see Grago v Robertson, 49 AD2d 645, 646 [1975]). Defendant's counterclaim sets forth four instances which, she alleges, demonstrate plaintiff's liability for legal malpractice. With respect to three of those alleged instances, plaintiff has not demonstrated his entitlement to summary judgment.
In order to recover damages for legal malpractice, a client must establish that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused the client to sustain actual and ascertainable damages (see Burbige v Siben & Ferber, 152 AD3d 641, 642 [2017]). An attorney is entitled to summary judgment dismissing a client's cause of action for legal malpractice, here, by way of a counterclaim, by presenting evidence in admissible form establishing that the client is unable to prove at least one of these essential elements (id.).
Contrary to the District Court's determination dismissing so much of the counterclaim as was based upon plaintiff's failure to retain an appraiser, promptly restrain the Citibank/Smith Barney account, and annex his invoices to the counsel fee application, we find that plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, as his submissions in support of his motion with respect to these three alleged instances did not demonstrate that defendant will be unable to prove either that plaintiff did not exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession or that the breach of this duty proximately caused defendant's damages. Consequently, so much of plaintiff's motion as sought summary judgment dismissing defendant's counterclaim based upon these three alleged instances of legal malpractice should have been denied.
However, with respect to defendant's remaining alleged instance of legal malpractice, to [*3]wit, that plaintiff failed to establish a common-law marriage under Hungarian law, plaintiff's motion papers established, prima facie, his entitlement to partial summary judgment dismissing this ground. His submissions showed that his inability to establish a common-law marriage in the underlying action was not a result of any breach of his duty, but rather of a Hungarian appellate court's decision which had found that there had been no common-law marriage between defendant and Nicholas, and, thus, defendant would not have been able to prove that there had been one. We note that, in opposition to this branch of plaintiff's motion, defendant's expert's affidavit did not even assert that plaintiff's representation regarding the common-law marriage issue constituted legal malpractice, or otherwise address this issue. Thus, it was proper for the District Court to grant so much of plaintiff's summary judgment motion as sought to dismiss so much of the counterclaim for legal malpractice as was based upon plaintiff's failure to establish a valid common-law marriage.
With respect to so much of the November 12, 2014 order as denied the branch of defendant's motion seeking leave to amend her answer to assert several affirmative defenses, among them plaintiff's alleged breach of contract, we note that the District Court found that to permit an amendment to the answer, at that late date, "would be prejudicial and legally improper and is unwarranted." However, in light of the determination herein, this case is in a different posture, as some of defendant's alleged instances of legal malpractice will now be tried. Consequently, so much of the November 12, 2014 order as denied the branch of defendant's motion seeking leave to amend her answer is vacated and the matter is remitted to the District Court for a new determination of that branch of the motion.
Accordingly, the judgment is reversed, so much of the order dated January 31, 2014 as granted plaintiff's motion for summary judgment dismissing the counterclaim is vacated; plaintiff's motion for summary judgment dismissing the counterclaim is granted only to the extent of granting plaintiff partial summary judgment dismissing so much of the counterclaim as seeks to recover for legal malpractice based on plaintiff's alleged failure, while representing defendant in a Supreme Court equitable distribution action, to establish that, under Hungarian law, defendant had entered into a common-law marriage with her former spouse prior to their New York marriage; so much of the amended order dated February 20, 2015 as denied the branch of defendant's motion seeking leave to file an amended answer is vacated; and the matter is remitted to the District Court for a new determination of that branch of defendant's motion and, thereafter, for a new trial on plaintiff's cause of action and on the remaining portions of the counterclaim. 
In view of the fact that we have reversed the judgment and ordered a new trial on plaintiff's cause of action, plaintiff's cross appeal from the judgment on the ground of inadequacy is dismissed, as it has been rendered academic. 
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017