## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0307-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FOUR THOUSAND NINE
HUNDRED TEN DOLLARS
($4,910.00) in UNITED
STATES CURRENCY and a
2007 DODGE RAM 3500
VIN 3D7ML48A47G7801271,

    Defendant-Appellant.

_____

Submitted November 29, 2021 – Decided July 19, 2022

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1567-16.

Guilio Mesadieu, appellant pro se.

William A. Daniel, Union County Prosecutor, attorney for respondent (Tangerla Thomas, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Guilio Mesadieu appeals from an August 2, 2019 order denying his Rule 4:50 motion to vacate a judgment by default entered in this forfeiture action when his counsel of record failed to appear at trial. Although we put no stock in Mesadieu's allegations about his underlying criminal case, we have no hesitation in holding the forfeiture proceedings violated Mesadieu's due process rights, and fundamental fairness requires vacating the judgment without consideration of the merits. Accordingly, we reverse.

The State's verified complaint for forfeiture alleged police had information in February 2016 that Mesadieu was "a major drug supplier" in Elizabeth and would be carrying a large quantity of heroin in a black Dodge Ram pick-up truck believed to be equipped with a hidden compartment for secreting drugs. The information police received further specified Mesadieu was frequently armed with a handgun out of fear of being robbed. While surveilling Mesadieu in the black pick-up, police observed him fail to signal a left turn and pulled him over. Following Mesadieu's refusal to consent to a search of the truck, a K9 unit was summoned and the dog alerted to narcotics. Executing a search warrant, police recovered a loaded handgun and $4,900 in an envelope on the center console. Notwithstanding the dog having alerted to

2

drugs, none were found. Mesadieu was subsequently charged with weapons offenses.

The State timely filed its forfeiture complaint alleging the cash was the proceeds from illegal drug sales and the pick-up truck was used to facilitate the illegal trade in narcotics or itself represented the proceeds of such activity. Mesadieu's private counsel Edward C. Bertucio, Esq., filed an answer designating himself as trial counsel and the trial court subsequently entered an order on the State's motion staying the forfeiture proceeding pending final disposition of the criminal charges.

A year later, the public defender then representing Mesadieu on the criminal charges emailed the prosecutor advising that Mesadieu had asked her to try and obtain "a copy of the forfeiture documents, including any papers filed by his prior counsel and the State," and to send them to him at Rahway. The State agreed to send the pleadings directly to Mesadieu but advised its "records and the court's indicate that [Mesadieu's] civil attorney is still handling [the forfeiture] matter." The record includes a letter to Mesadieu from an assistant prosecutor, dated the same day as the email exchange, enclosing the requested documents and advising that the State's "records indicate Mr. Bertucio still represents you in this matter."

3

A little over two months later, Mesadieu's public defender wrote to tell him of a conversation she'd had with Bertucio's associate following a letter the firm received from Mesadieu. The associate advised the firm had released its file to Mesadieu and wanted to know why he "believed they were still representing [him] on the forfeiture matter." Mesadieu's public defender wrote that she had explained to the associate "the assistant prosecutor on the criminal case had informed [her] that [Bertucio]" was still counsel of record in the forfeiture case, and that the public defender could not represent Mesadieu in that civil matter. The public defender told Mesadieu that the associate "was under the belief that her firm had been relieved from both the criminal and civil matters but [the public defender] informed her that they were in fact only relieved on the criminal matter."

A jury convicted Mesadieu of unlawful possession of a handgun the following year and the judge sentenced him in June 2018 to eight years in State prison with forty-two months of parole ineligibility. Although the record does not contain an order lifting the stay in the forfeiture case, in August the court sent Bertucio a trial notice for November 5, 2018.

Bertucio failed to appear on the trial date. A different assistant prosecutor appeared for the State and advised the judge the State "hadn't heard

4

from Mr. Bertucio. It's two-and-a-half-years." In response to the question of whether the State had entered a default, the prosecutor replied, "we'd ask for default today." When the judge noted Bertucio's firm was listed as counsel of record, the prosecutor offered to "make a call and find out what's going on."

After a short adjournment, the assistant prosecutor returned and told the judge he had spoken to Bertucio's paralegal who "indicates [Bertucio] no longer represents Mr. Mesadieu, and they stopped that relationship in 2016 after [Bertucio] filed the [answer]." Following the assistant prosecutor's assurance that the State had heard nothing "from any of the other interested parties," the judge entered an order for judgment by default, forfeiting Mesadieu's interest in the cash and the truck and transferring both to the State.

Two-and-a-half-months later, civil case management received Mesadieu's motion to vacate the default judgment asserting he'd never received notice of the trial date. The State opposed the motion. Although tacitly acknowledging that Mesadieu had not received notice of the trial date, which had gone to Bertucio as counsel of record, the State argued Mesadieu had failed to show excusable neglect and could not, in any event, establish a meritorious defense as required by US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-69 (2012).

A-0307-19

The State asserted Mesadieu's "neglect and carelessness . . . in not having communicated with or paid his attorney for over two-and-a-half-years, and then condemning said attorney for his nonappearance at a scheduled trial date is not compatible with due diligence or reasonable prudence." It contended Mesadieu should have taken action after the State sent him the pleadings in 2017, and that the State would be prejudiced by vacating the judgment as the currency and Ram truck were "in the process of being distributed to the City of Elizabeth."

On the return date, which did not occur until August 2, 2019, Mesadieu appeared via video conference. He told the judge about Bertucio's unwillingness to respond to his inquiries about the forfeiture, leading him to ask his public defender to try and obtain the pleadings for him. Mesadieu also explained that because Bertucio remained counsel of record, although refusing to communicate with Mesadieu, he "was unable to file any papers until this attorney was relieved. And that attorney was not relieved." Mesadieu advised he accordingly never received notice of the trial date, resulting in entry of the default judgment with no notice to him.

The judge denied the motion, finding Mesadieu's counsel "was aware of the trial date," and that Mesadieu "failed to demonstrate any diligence or

6

prudence by contacting his attorney, or by filing a motion with the court for a substitution of attorney." The judge found Mesadieu had failed to show a meritorious defense and after stating that "[t]he present motion was not filed until April 23rd of 2019," the judge found "the delay in waiting over six months from the time of judgment to the time of the filing of the motion under all circumstances [was] not reasonable" and had resulted in prejudice to the State because "the assets seized are in the process of being . . . distributed."[1] This appeal followed.

It is clear from what we have recounted of the events in the trial court that this forfeiture judgment cannot stand. Defendants in forfeiture matters are entitled to due process and fundamental fairness. State v. Melendez, 240 N.J. 268, 272 (2020). Mesadieu received neither here. The record makes clear Bertucio's office was made aware in August 2017 that he had not been relieved as counsel in the forfeiture case. Bertucio and his office had a professional obligation to take steps to file a substitution of attorney in favor of new

---

[1] As earlier noted, Mesadieu's motion to vacate the judgment was stamped "received" by civil case management on January 25, 2019. The papers also bear a "received" date of April 23, 2019. Although trial court clerks are required by Rule 1:5-6(c) to "file all papers presented for filing" even if non-conforming, see Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 1:5-6 (2022), we assume Mesadieu's papers were not "filed" because Bertucio remained listed as counsel of record.

A-0307-19

counsel or Mesadieu himself. See R. 1:11-2(a)(1) ("[P]rior to the entry of a plea in a criminal action or prior to the fixing of a trial date in a civil action, an attorney may withdraw upon the client's consent provided a substitution of attorney is filed naming the substituted attorney or indicating that the client will appear pro se. If the client will appear pro se, the withdrawing attorney shall file a substitution." (emphasis added)); Strauss v. Fost, 209 N.J. Super. 490, 494 (App. Div.) (noting without formal withdrawal, a lawyer's "responsibility continue[s] until the expiration of the time to appeal from the final judgment or order entered in the cause"), modified, 213 N.J. Super. 239 (App. Div. 1986). Instead, they continued to receive notices from the court as counsel of record and simply failed to appear on the trial date.

Bertucio's dereliction of his professional responsibilities should not have been visited on Mesadieu, particularly as the court file buttressed his testimony that he could not file papers in the forfeiture action while Bertucio remained counsel of record. The record makes clear Mesadieu took action promptly after being served with the default judgment, sending his motion to the court within two-and-one-half months after entry of judgment, not "over six months" as the trial court found. Any prejudice to the State, which was made aware in 2017 of the problem between Mesadieu and Bertucio, was of its own making

8

in refusing to simply "turn square corners" by agreeing to reopen the judgment in January 2019 on learning Mesadieu had never been advised of the trial date. See State v. Williams, 471 N.J. Super. 34, 44 (App. Div. 2022) (discussing obligation of prosecutors to "turn square corners" in order to fulfill their duty to do justice).

We make no comment on the merits. We determine only that the dereliction of Mesadieu's former counsel should not relieve the State of its obligation in this derivative contraband case to prove the cash found in defendant's pickup truck at the time of his arrest was the proceeds from illegal drug sales, which the truck was used to facilitate, or the truck was itself the proceeds of such activity. See N.J.S.A. 2C:64-1(a)(2)-(4); State v. Seven Thousand Dollars, 136 N.J. 223, 233 (1994).

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-0307-19